JAMES WILSON v. STATE OF MISSISSIPPI.

1. CONSTITUTIONAL LAW. *Constitution* 1890, *sec.* 12. *Right to bear arms. Concealed weapons. Home.*

 The constitution of 1890, sec. 12, guaranteeing to every citizen the right to keep and bear arms in defense of his home, person or property, but empowering the legislature to forbid the carrying of concealed weapons, does not justify the carrying by a citizen within his own home of deadly weapons concealed on his person, contrary to the statutes.

2. SAME. *Code* 1892, §§ 1026, 1027. *Defense.*

 It is no defense to an indictment for carrying concealed weapons, under code 1892, §§ 1026, 1027, regulating the subject, that the weapon was carried in defendant's own home, and that "one or two nights before somebody broke in the window with a rock," and "on the night before there was a disturbance among the chickens" on the premises, and defendant "thought one or two of them were taken."

3. SAME.

 Sections 1026, 1027, code 1892, regulating the subject of carrying concealed weapons, are constitutional.

4. ACTIONS. *Defenses. Possibilities.*

 The law does not base a right of action or a defense upon a mere possibility.

FROM the circuit court of Alcorn county.
HON. EUGENE O. SYKES, Judge.

Wilson, the appellant, was indicted, tried and convicted for carrying a concealed weapon, and appealed to the supreme court. The opinion states the facts.

*Lamb & Kier*, for appellant.

The court below erred in giving the charge asked by the state, which told the jury if they believed the appellant carried the pistol concealed in whole or in part he was guilty, although he was in his own house. The constitution gives every one the right to bear and keep arms in defense of his home, person or property. The constitution does not say how arms shall be borne under such circumstances, but simply says it may be done. If this court should hold it was against the law to carry a pistol concealed in one's own house, which we do not think the court will do, still such a charge would not be correct in this case, for it is shown by the proof, and is uncontradicted, that if the appellant did have the weapon concealed, he was carrying it for the express purpose of protecting his home, and person and property. This charge as it stands takes away from the appellant the right and protection the constitution gives him, and we contend that when it is shown, as it is done in this case, that the weapon was carried for the purpose given under the constitution, then he was not violating the law, no matter how the weapon was carried or what kind was carried. The constitution makes no distinctions, nor does it provide what weapons shall be carried, or how they shall be carried, but only that it may be done when it is done for the purpose of defending one's home, person or property ; and if a law should be passed that would provide that a citizen should not carry a weapon concealed for the purpose enumerated in the constitution, such a law would certainly be unconstitutional. There is no other possible conclusion to be drawn from the testimony, except that the appellant carried the pistol with him to the door for the exclusive purpose of defending himself and his home or property, and appellant gives a reason why he thought it was

necessary to carry it, and as potent a reason as could be given, for he says some one had stolen his chickens the night before and had thrown a rock through his window. There is no conflict in the testimony about this, and the state does not try to show any other reason for having the pistol, so it should be accepted as true, as there is nothing to indicate it is not true. Under the facts of this case we think this charge clearly error, and the case should be reversed on this ground, if for no other, for if this charge is the law, then the courts have undertaken to prescribe how weapons shall be carried in defense of one's home, person or property, when the constitution does not do so, nor does the law.

*William Williams*, assistant attorney-general.

It is true that any person has the right to have arms in his house, but he is not permitted to carry them concealed. *Dunston's case*, 82 Am. Rep., 152.

TERRAL, J., delivered the opinion of the court.

The case discloses the fact that James Wilson had carried a pistol in his pants pocket in his home or residence. He attempted to justify his action under sec. 12 of the constitution, which reads: "The right of every citizen to keep and bear arms in defense of his home, person, or property . . . . shall not be called in question, but the legislature may regulate or forbid carrying concealed weapons." He proved by his own evidence that on the night preceding the one on which he had the pistol in his pocket at his own home, there was a disturbance of the chickens of his sister, who lived under the same roof, when he thinks one or two of the chickens were taken. He further stated that on one or two nights before somebody broke in the window. Upon this vague and uncertain evidence counsel insists that their client is protected in carrying the pistol concealed by sec. 12 of the constitution, above quoted. It is to be noted that the stealing of even one

chicken on the night before is uncertainly proved by the witness. The breaking of the window is not shown to have had any connection with the disturbance of the chickens, nor is there any evidence to characterize the breaking of the window. Whether broken accidently or purposely is not shown. It is, in our view, too indefinite to constitute a defense of any sort. Certainly there is nothing in the evidence that tends to make out a defense under the law on the subject of carrying concealed weapons, which is unquestionably constitutional. The only witness that said anything that would support a conviction of the defendant was Bell, who distinctly said he saw defendant draw his pistol from his pocket; and the fifth instruction requested for defendant, as shown by the record, was that, "if there was a possibility that Bell was mistaken, they should acquit defendant," and this was refused. Now counsel base their argument upon the supposition that the record reads "probability," instead of "possibility." It is unnecessary, as we think, to decide what effect the use of the word "probability" would have had upon the case if that word had been used in the instruction. Request 5 for defendant was rightfully refused. The law will not base a right of action or defense upon mere possibilities, one or more.

*Affirmed.*