TRISTRAM R. ROSAMAN *v.* CITY OF OKOLONA.

CRIMINAL LAW. *Carrying concealed weapons. Traveler. Code* 1892,
§§ 1026, 1027. *Okolona ordinance.*

A person ceases to be a traveler, within the meaning of a city or-
dinance, substantially the same as Code 1892, §§ 1026, 1027,
making it a misdemeanor to carry a deadly weapon concealed,
but excepting those traveling, etc., when he reaches the point of
his destination and engages a room at a boarding house or hotel,
intending to stay an indefinite time and to return home only
after the business for which he made the journey is completed.

FROM the circuit court of, second district, Chickasaw county.
HON. EUGENE O. SYKES, Judge.

Rosaman, the appellant, was tried and convicted in the may-
or's court of violating an ordinance of the city of Okolona for-
bidding the carrying of deadly weapons concealed. He appealed
to the circuit court, where he was tried *de novo* and again con-
victed, whence he appealed to the supreme court. The city ordi-
nance is and was in the following words—viz.:

"*Be it further ordained,* That any person (not being threat-
ened with or having good and sufficient reason to apprehend an
attack, or *traveling*—not being a tramp—or setting out on a
journey, or peace officer, or deputy in discharge of his duties)
who carries *concealed,* in whole or in part, any bowie knife, brass
or metallic knuckles, or other deadly weapon of like kind or de-
scription, shall be deemed guilty of a misdemeanor, and on con-
viction shall be punished by a fine not exceeding one hundred
dollars and, in the event the fine and costs are not paid, shall be
required to work at hard labor upon the streets of the city of
Okolona under the direction of the marshal of said city not ex-
ceeding two months, and for the second or any subsequent offense
shall, on conviction, be fined not less than fifty dollars nor more
than one hundred dollars, and, if the fine and costs are not paid,
be condemned to hard labor, as above provided; and in any pro-

ceeding under this section it shall not be necessary for the city to allege or prove any of the exceptions herein contained, but the burden of proving such exceptions shall be on the accused."

The other facts necessary to an understanding of the case are stated in the opinion of the court.

*A. T. Stovall,* for appellant.

The facts are clear and undisputed that the defendant was traveling, and not a tramp. Code 1892, § 1027.

That defendant was traveling in the usual and ordinary sense of the word there can be no doubt, especially in view of the definition or construction put upon the word "traveling" by this court in *McGuirk* v. *State,* 64 Miss., 209; *Haywood* v. *State,* 66 Miss., 402. It is also in line with the definition given by the Standard Dictionary and the Century Dictionary and Encyclopedia.

Surely this defendant was "beyond the circle of his friends and acquaintances;" and if he was, he was traveling, and so entitled to carry a concealed weapon.

The privilege given by the statute to carry a weapon concealed about the person when traveling begins when one is setting out on a journey, and continues until he reaches home, or the end of the journey. *McGuirk* v. *State,* 64 Miss., 209; 5 Am. & Eng. Ency. Law, 743, 744.

This defendant had not reached his home, nor had he ended his journey.

*L. P. Haley,* for appellee.

Defendant was not setting out on a journey. He had come into the state and had stopped for several days and had put his pistol away. The day before he was to set out on the contemplated journey he armed himself, "because he did not know what they were going to do with him," and not because he was going to set out on a journey. *McGuirk* v. *State,* 64 Miss., 212.

It is a question of fact for the jury whether a traveler con-

tinues as such during a stop-over. *Carr* v. *State,* 34 Ark., 448.
This entire question is fully considered in 5 Am. & Eng. Ency.
Law (2d ed.), 743, 744, 745.

CALHOON, J., delivered the opinion of the court.

The city of Okolona had, as it legally might have, an ordinance denouncing a penalty against carrying concealed weapons, and under it Mr. Rosaman was convicted. It is immaterial to determine whether the court erred in permitting the prosecution to ask accused, as a witness, whether he had not pleaded guilty in the mayor's court, because his own testimony in the circuit court clearly establishes his guilt. According to his testimony, he was a non-resident of this state, and came to Okolona for the purpose of employing hands for a railroad company. He arrived in Okolona on Friday evening, with a pistol on his person, took board and lodging at a hotel, and carried the pistol on his person the next day, Saturday, until noon, when he put it under his bedclothing. On Sunday morning officers came to arrest him for enticing away laborers, and he then put the pistol on his person and went with them to the jail. The defense of being a traveler to defeat this prosecution cannot avail the appellant in this case. He had the right to carry his pistol to Okolona, which was his point of destination, and might be regarded as a traveler until he reached his room. But, in our opinion, he was not a traveler during the forenoon of Saturday, when he did carry the pistol on his person. His stay in Okolona was of uncertain duration; and if he had the right to carry the concealed weapon, so may every man on a journey carry one in any city or town for an indefinite period, until he shall have finished his business at the place, even though it should require weeks or months. *McGuirk* v. *State,* 64 Miss., 212 (1 South. Rep., 103); *Wilson* v. *State,* 81 Miss., 404 (33 South. Rep., 171).

*Affirmed.*