GEORGE W. TIPLER v. THE STATE.

1. CARRYING CONCEALED WEAPONS.    *Threatened with an attack.*
    The exception in the statute to prevent the carrying of concealed weapons (Acts 1878, p. 175), in favor of a person " threatened " with an attack, does not contemplate mere denunciation, but menace such as to cause a reasonable apprehension of an attack that would properly be resisted with that kind of a weapon.

**2. SAME.** *Reasonable apprehension.   Question for jury.*

Whether the accused carried the weapon because of apprehension justly and honestly entertained on good and sufficient reason, is a question for the jury, and an instruction, which announces the negative as a legal conclusion, is erroneous, although it recites the facts of the case which tend to that conclusion.

ERROR to the Circuit Court of Tippah County.

Hon. J. W. C. WATSON, Judge.

George W. Tipler, who lives at Tiplersville, fifteen miles from a station on the Memphis and Charleston Railroad, was on the fourth of July, 1879, at Wolf's Spring, seven miles from the station, with a pistol partially concealed on his person.    One Sherold, a brakeman on the railroad who was in the habit of making two trips a week from Burnsville to Memphis, often inquired for Tipler at the station, and uttered threats respecting him of serious personal injury.    On the trial of the indictment for carrying a concealed weapon, the court charged the jury for the State that, if the defendant Tipler carried the pistol concealed in whole or in part, he was guilty, and could not justify it upon the ground of the brakeman's threats made while employed on the railroad and making two trips a week from Burnsville to Memphis, when the defendant lived fifteen miles from the railroad, and carried the pistol seven miles distant from the station where the threats were made ; and refused to instruct for the defendant, that, if at the time he was charged with carrying the weapon, he had been threatened with, or had good and sufficient reason to apprehend, an attack from Sherold, he had the right to carry arms concealed and should be acquitted.    Tipler was convicted, his motion for a new trial was overruled, and he sued out this writ of error.

*Falkner & Frederick,* for the plaintiff in error.

The jury under proper instructions should have been permitted to decide whether the defendant had brought himself by his proof within the exception as to persons " threatened " contained in the statute.    Acts 1878, p. 175.    Power to pass upon the sufficiency of the evidence did not rest in the court. *Wesley* v. *State,* 37 Miss. 327 ; *Hogsett* v. *State,* 40 Miss. 522. Acquittal was proper if the jury entertained a reasonable

doubt of guilt. *Pollard* v. *State*, 53 Miss. 410. The charge asked for the accused should have been given, because it announced a correct principle and was applicable to the evidence. *Nichols* v. *State*, 46 Miss. 284.

*T. C. Catchings*, Attorney General, for the State.

Under the Act of February 28, 1878 (Acts 1878, p. 175), the burden was on the accused to prove that he was carrying the pistol under circumstances which authorized him to do so. He so signally failed to do this that his attempt can only be characterized as a farce. Under the facts of the case, it was next to impossible for the court to commit an error which would entitle Tipler to a reversal. The verdict is so clearly right that argument cannot strengthen the case for the State.

Campbell, J., delivered the opinion of the court.

The instruction to the jury, given at the request of the district attorney, is erroneous in assuming, upon a state of facts recited by it, that the defendant had not sufficient reason to apprehend an attack. This was an invasion of the province of the jury. It was for it to consider all the evidence, and determine whether the defendant was threatened with an attack or had good and sufficient reason to apprehend one, and was carrying the pistol he had on his person partly concealed because of such reasonable apprehension, and as a proper precaution for his protection against such threatened attack. If such was the case, he was not within the prohibition of the statute; but, if he had no sufficient reason to apprehend an attack, he could not shield himself from the penalty of the law because of some threat made against him, unless it was made by a person and under circumstances which the jury should consider sufficient to cause the defendant justly to apprehend that there was such danger of being attacked as to make it proper to bear arms in self-defence at the time he is shown to have done so.

The expression in the statute "being threatened" is used in the sense of being so circumstanced as to be made to apprehend an attack against which one might lawfully defend himself by the use of a deadly weapon. The term "threatened" in the statute does not mean that a mere denunciation

of evil will license the person denounced to carry concealed weapons. The person excepted from the prohibition of the statute is one so menaced as to have good reason to believe that he is in danger of an attack from which he may properly defend himself by the character of weapon he carries concealed. The statute permits one justly apprehensive of attack to provide against it by carrying weapons concealed, but apprehension must not be simulated or too easily excited ; and idle threats, the ebullition of passion, or the offspring of intoxication, which import no serious danger, must not be made a pretext for carrying concealed weapons, which is permitted only to him who has " good and sufficient reason to apprehend an attack."

It is for the jury to determine from the evidence whether the accused carried the weapon because of apprehension justly and honestly entertained of danger of attack, or whether the apprehension of an attack, claimed as a justification for carrying a weapon concealed, is founded on good and sufficient reason, or is made a pretext for a violation of the law. The vice of the instruction we have pronounced to be erroneous is that it announces as a legal conclusion, in effect, that the accused could have no good and sufficient reason to apprehend an attack from Sherold, if the latter was and continued to be a brakeman on the Memphis and Charleston Railroad, making two trips a week from Burnsville to Memphis, and the accused lived fifteen miles from this railroad, and was carrying the weapon concealed seven or eight miles from the railroad. Certainly, if Sherold should not depart from the railroad, and the accused should not go to it or near it, there would be no danger of collision between them, but it may be true, so far as the evidence shows, that Sherold continued a brakeman, and made two trips a week from Burnsville to Memphis, and yet, he might, on the fourth of July, have been at Wolf's Spring, a distance of seven or eight miles from the railroad, on which he made two trips a week, as stated. It should have been left to the jury, under instruction as to the principles of law to guide them, to say whether the accused was menaced with harm, and had good reason to believe himself in such danger of attack on July 4, 1879, as to excuse him for having con-

cealed on his person a pistol at Wolf's Spring.   It is not to be supposed that the jury would have failed to make the proper response to the inquiry.

The instruction asked by the accused was properly refused, because it contains the idea, repudiated in this opinion, that, if the accused had been threatened with an attack, he had the right to carry a weapon concealed.   A declaration of intention to do some harm to another, which is the ordinary meaning of a threat, often signifies very little, and, as before stated, it is not of a threat, in this sense, that the statute speaks.   That one has been threatened by another with bodily harm does not in itself license the person threatened to carry a weapon wholly or partly concealed.   To justify it, he must, in the opinion of the jury, have good and sufficient reason to apprehend an attack, and must be carrying the weapon charged as a precaution against it, and must not carry it at a time or place or under circumstances in which he could not have sufficient reason to apprehend an attack, of all which the jury trying the case is to determine, as a question of fact.

*Judgment reversed and new trial awarded.*