## Cato McGuirk *v.* The State.

64 209
85 585

1. Carrying Concealed Weapons. *Defense of " traveling." Case in judgment.*
    M. left his pistol at the house of C., who resided about ten miles from M.'s home.  Some time afterward M. went to his market town, twenty miles away, returned by way of C.'s, twenty miles, got his pistol, and concealing it, carried it to his home, ten miles.  He was indicted for carrying concealed weapons, and defended on the grounds that he was " traveling " and that his life had been threatened.  *Held,* that the facts stated do not show such " traveling " as justifies the carrying of concealed weapons, under the statute.

2. Same. *Justification of.  Threats communicated.  Case in judgment.*
    On the trial of the above case it was proven that M. had heard that one H , who lived in C.'s neighborhood, had threatened his life.  *Held,* that the knowledge of such threat was not a justification to M. as being " threatened with, or having good and sufficient reason to apprehend, an attack," for he was carrying the weapon, not as a precaution against an attack from H., but to get it to his home from C.'s house.

3. Same. *Justification of.  Threats made a year before.  Case in judgment.*
    In the above-stated case it was shown that M. had heard that one S., a year before the date of his carrying the pistol, had threatened his life, but it was also shown that M. was informed soon after the threats were made that S. had
    64 Miss.—14

left the country, and that he had not since heard of S.  *Held*, that such threats were too remote to constitute a justification to M., especially as he knew that S. had left the country and had not heard of his return.

4. Cᴀʀʀʏɪɴɢ Cᴏɴᴄᴇᴀʟᴇᴅ Wᴇᴀᴘᴏɴꜱ.  *Meaning of " traveling or setting out on a journey." Section 2985, Code of 1880.*

Section 2985 of the Code of 1880 declares it to be a misdemeanor for "any person, not being threatened with, or having good and sufficient reason to apprehend, an attack, or traveling (not being a tramp), or setting out on a journey," etc., to carry concealed any deadly weapon.  The "traveling or setting out on a journey," intended by the statute to be an excuse for carrying concealed weapons, means a travel of such distance as to take one beyond the circle of his friends and acquaintances.

Aᴘᴘᴇᴀʟ from the Circuit Court of La Fayette County.

Hᴏɴ. W. S. Fᴇᴀᴛʜᴇʀꜱᴛᴏɴ, Judge.

Cato McGuirk having lost a mule, borrowed a pistol and started in search of it.  He went as far as one Clardy's, where he left his pistol and returned home.  A short time afterward Clardy sent word to McGuirk that he had found the mule.  McGuirk went to Water Valley, his market town, about twenty miles distant, returned by way of Clardy's about twenty miles, got the pistol which he had left there, and concealing it carried it home, about ten miles. He was indicted for carrying concealed weapons.  On the trial there was evidence which tended to show that one William Henry, who lived in the Clardy neighborhood, had threatened defendant's life, and also that one Sumack, about one year before, had threatened to kill defendant, but that Sumack had long since left the country and that defendant knew it.   The jury found the defendant guilty and he appealed.

P. A. *Rush*, for the appellant.

1. The threats of Henry and Sumack were sufficient to justify defendant in carrying his pistol.

2. The question is presented to the court : Does the travel from the defendant's to Water Valley, thence to Clardy's, thence to defendant's home—a total distance of fifty miles, thirty-five or forty of which was over a strange road (to the defendant)—does this constitute a journey ?   And if so, then did it terminate at Clardy's or at the defendant's home ?   The second instruction given for the

State is based upon the former theory, it being in contravention of one given for the defendant. This theory is error and ought not to have been given. The journey terminated at the defendant's home.

*P. A. Rush* also made an oral argument.

*T. M. Miller*, Attorney General, for the State.

So far as any apprehension of an attack from Henry is concerned (which was entirely fanciful), the defendant got the full benefit of that in the instruction given by the court.

It certainly could not have been error to instruct the jury that the defendant could not justify on threats made by Sumack a year before if the jury believed he had left the country.

The record utterly fails to show that the defendant had any reason to apprehend an attack or that he was *traveling* or setting out upon a journey, wherefore there is no error, and I submit the judgment should be affirmed.

When a defendant carried concealed weapons in a wagon from a town in one county to his home in another county, a distance of twenty-three miles, it was held that he was not traveling within the meaning of the statute and was guilty of the offense. *Gholson* v. *The State*, 53 Ala. 519.

The " traveling," like the setting out on a journey, must be without the ordinary habits, business, or duties of the person, to a distance from his home, and beyond the circle of his friends and acquaintances. Ib.

The Attorney General also made an oral argument.

Arnold, J., delivered the opinion of the court.

Carrying the weapon concealed, as charged, is admitted by appellant, but he seeks refuge from the consequences of the act in the exceptions contained in the statute in favor of those who are threatened with, or have good and sufficient reason to apprehend, an attack, or who are traveling or setting out on a journey. Neither defense attempted to be made by him is established, and no error assigned can avail him.

It is quite apparent that the weapon was carried by appellant, not as a precaution against an apprehended attack from either Sumack or Henry, but that it was being carried home from a place,

not shown to be beyond the circle of his friends and acquaintances, where it had been previously left by him. Besides, the threat of Sumack, made about a year before the offense alleged was committed, is too remote to constitute the basis of justification, especially since appellant admits that shortly after the threat was made and communicated to him he learned that Sumack left the country, and that he had not seen or heard of him since. Under these circumstances, it cannot be said that appellant was threatened in such manner as to afford good and sufficient reason to apprehend an attack from this source. *Tipler* v. *The State,* 57 Miss. 685; Bish. on Stat. Crimes, § 788*b*.

The right reserved by the statute to carry concealed weapons is co-extensive only with the conditions prescribed by the statute, and when these conditions cease the right ceases also. *Enslava* v. *The State,* 49 Ala. 355. A mere threat does not license a person to carry concealed weapons, unless it is of such character and made under such circumstances as to produce reasonable ground to apprehend an attack from which one might lawfully defend himself by the use of such weapons.

Appellant was not "traveling or setting out on a journey" in the meaning of the statute. "The traveling or setting out on a journey," intended by the statute to be an excuse for carrying concealed weapons, means a travel of such distance as to take one beyond the circle of his friends and acquaintances. *Gholson* v. *The State,* 53 Ala. 519; Bish. on Stat. Crimes, § 788*a*. This is about as definite rule as can be deduced from the language of the statute, unless it is to be nullified by construction. The right to carry concealed weapons, conceded by the statute to those "traveling or setting out on a journey," commences with the journey and continues until it ends or until they reach home, but in this case, no matter how far appellant had been from home, he received the pistol in returning within ten or twelve miles of his residence, and carrying it home concealed, in this state of facts, was not within statutory exception. *Coker* v. *The State,* 63 Ala. 95.

If any error was committed in giving or refusing instructions, it was error without injury. Upon the testimony, the verdict was as it should have been.                    *Affirmed.*