## McLeod v. State.*

(Division B.   Nov. 2, 1925.)

[105 So. 757.   No. 25001.]

1. WEAPONS.  *On disputed evidence that one accused of carrying con-
cealed weapons was making journey beyond neighborhood of his
acquaintance, and was not tramp, he was entitled to peremptory
instruction to acquit.*

   In a charge for carrying concealed weapons, the defendant is per-
mitted to defend by showing under section 1105, Code of 1906
(Hemingway's Code, section 831, cl. [b]), that he was traveling
and was not a tramp, or was setting out on a journey and was
not a tramp, and where the defendant's evidence is undisputed
that he was making a journey beyond the neighborhood of his
acquaintance, and was a stranger to the people along the line
of his journey, and that he was not a tramp, and such evidence
was not inconsistent with the other evidence in the case, the de-
fendant is entitled to a peremptory instruction to find him not
guilty.

2. CRIMINAL LAW.  *Jury has no right arbitrarily to disregard evidence
undisputed and not improbable on its face.*

   The jury must try causes by the evidence in the case, and have
no right arbitrarily to disregard evidence in the case which is
not disputed, and which is not improbable on its face.

---

*Headnotes 1.   Weapons, 40 Cyc., pp. 864, 868 (Anno); 2. Criminal
Law, 16 C. J., Section 2291; Right of jury to disregard uncontradicted
testimony, 10 R. C. L., p. 1006; 2 R. C. L. Supp., p. 1133; 4 R. C. L.
Supp., p. 685; 5 R. C. L. Supp., p. 581.

APPEAL from circuit court of Perry county.

HON. W. L. CRANFORD, Judge.

Charles McLeod was convicted of carrying concealed
weapons, and he appeals.   Reversed, and accused dis-
charged.

*W. A. Tew,* for appellant.

The trial court manifestly erred in not granting the appellant the peremptory instruction asked for by the appellant, for the reason that this court has repeatedly held that a person has a right to carry a pistol as a matter of protection when traveling beyond his friends and acquaintances, and in this case the proof introduced by the state shows that the appellant was traveling, and that he was a stranger in the town of Richton, and the appellant's testimony fully explained that he was traveling from one state to another, and this testimony is not disputed.

Under the statute appellant had a right to carry a pistol in this case, as disclosed by the proof and all the circumstances. This case ought to be reversed, and the appellant discharged.

*F. S. Harmon,* assistant attorney-general, for the state.

The court will see that the finding of this pistol concealed on the person of this man constitutes a violation of section 829, Hemingway's Code, and the state had sufficiently proved its case by the testimony. We cheerfully agree that the defendant told a story, which if believed by the jury would constitute a good, affirmative defense.

But since the state proved the finding of the concealed weapon, it remained for the jury to believe or disbelieve the explanation made by the defendant. Be it noted that the jury was correctly instructed in this case, which differentiates it from most of the cases found in the Mississippi Reports.

It is difficult to see how these instructions could be any more favorable to the defendant than they were. The jury, as the trier of the disputed question of fact, saw fit to disbelieve the affirmative defense set up by this appellant. Since the state's case, which the jury saw fit to believe, established the body of the crime, the verdict of guilty brought in by the jury is supported by the evidence and will not be disturbed by this court. Cases

arising under this same statute have been closely examined by counsel for the state. In *Thomas* v. *City of Tupelo,* 97 So. 522, the court erroneously instructed the jury for the state. Similarly in *Huffstickler* v. *State,* 93 So. 1, the court erroneously excluded testimony tending to establish the affirmative defense of the appellant.

Again, in *Garland* v. *State,* 94 So. 210, the court erroneously instructed the jury for the state. In the case at bar, however, the jury was properly instructed that they must acquit if the entire testimony raised a reasonable doubt as to the guilt of the defendant. Thus, the most recent cases decided by this court under the concealed weapon statute were reversed, because of some error in the instructions, or the exclusion of evidence relative to the affirmative defense set up by the appellant.

On the other hand, in the case at bar the defendant was allowed to testify fully and freely by way of explaining that he was on a journey, and that he was not among friends and acquaintances, and was not a tramp. The jury was properly instructed, but saw fit to disbelieve the story told by the appellant, and found him guilty, in accordance with the evidence of the marshal, who actually took the concealed weapon from his person. In this state of the record, we respectfully submit that the verdict of the jury on this question of fact will not be disturbed. We ask, therefore, that the cause be affirmed.

Etheridge, J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of carrying concealed weapons, and appeals from such conviction.

The facts are that McLeod and two others were traveling from Mt. Olive, in Covington county, Miss., to Chunchula, in the state of Alabama, for the purpose of moving a family from Chunchula, Ala., to Mt. Olive, Miss., to work in a sawmill and on a farm near Mt. Olive. McLeod and the others, in making this trip in a truck, went

by way of Ellisville, Miss., and on to Richton, in Perry county, where they were arrested upon a charge of being partially intoxicated. When arrested, they were searched, and a pistol was found concealed on the person of McLeod. The officer at Richton had received a telephone message from some other point, telling them that three men traveling in a truck were going that way and were drunk. McLeod and his companions drove up to a store in Richton to get some gasoline for the truck in which they were traveling, and also to buy cigarettes, and the officer appeared and arrested them. The officer testified that he asked McLeod and the others where they were from, and they told him. He asked where they were going, and they told him; that they were strangers in Richton, traveling through that town, giving the purpose of their mission. The officer preferred a charge of drunkenness against them, which he later withdrew, and then preferred a charge of carrying concealed weapons. The defendant testified that he was not drinking and was not committing any crime at the time of the arrest, and defended the charge here preferred against him on the ground that he was traveling and was not a tramp, or was setting out on a journey and was not a tramp. Section 1105 (b), Code of 1906 (Hemingway's Code, section 831 [b]). The defendant's testimony that he was traveling through a country in which he was not acquainted is not contradicted by any evidence in the case, but, on the contrary, is supported by the statement made to the officer at the time of the arrest as a reason for having the weapon concealed upon his person, and also by the testimony of the officer that defendant and his companions were strangers in that community.

The defendant requested a peremptory instruction, which was refused, which refusal is assigned for error. We think the instruction should have been given. The state contends that the jury were not obliged to accept the defendant's explanation as true, that the finding of a pistol on the person of the defendant by the officer

made out the case, subject to the right of the defendant to have the jury accept his statements, and that the jury are not obliged to accept such statements.

The statute confers a right and a defense, which the jury has no right to disregard, where the defendant's testimony is uncontradicted, and where on its face it is not improbable. The jury has no right to disregard arbitrarily the evidence in the case. The evidence is not improbable on its face, and is not unreasonable in any respect, and is absolutely uncontradicted.

The judgment will therefore be reversed, and the defendant discharged.

*Reversed.*