CLARK *v*. CITY OF JACKSON.

(Division B. Dec. 9, 1929.)

[124 So. 807. No. 28423.]

L. L. Posey, of Jackson, for appellant.

Louis M. Jiggitts, of Jackson, for appellee.

Argued orally by L. L. Posey, for appellant.

**Anderson, J.,** delivered the opinion of the court.

Appellant was convicted in the police court of the city of Jackson of the violation of an ordinance of the city adopting section 1103 of the Code of 1906, section 871 of Hemingway's Code 1927, as one of the criminal laws of the city, and fined in the sum of fifty dollars. From that judgment appellant prosecuted an appeal to the county court of Hinds county, where there was a trial de novo, again resulting in appellant's conviction, and a fine of twenty-five dollars was imposed. From that judgment appellant appealed to the circuit court of Hinds county, where the judgment of the county court was affirmed; and from that judgment appellant prosecutes this appeal.

The ordinance under which appellant was charged and convicted, which is a copy of the statute (section 1103 of the Code of 1906, section 871, Hemingway's Code of 1927), provides, among other things, that if any person shall carry concealed, in whole or in part, any pistol, he shall be guilty of a misdemeanor.

Appellant's position is that the evidence was insufficient to sustain the conviction, and therefore a verdict of acquittal should have been directed by the court. Appellant argues that the evidence showed, without con-

flict, that the pistol in question was not being carried by appellant in violation of the ordinance.

The evidence, which was without conflict, showed these facts: Caswell Lowe borrowed appellant's pistol. Later, and at night, appellant went to Lowe's place of business to get the pistol and take it to his own home. Lowe proposed to take appellant and his pistol to the latter's home in his (Lowe's) car, which he did. They were driving along one of the streets of the city of Jackson on that mission while the car had only one light; Young, a police officer, stopped the car and arrested Lowe for driving on the city streets with only one light. Lowe got out of the car, leaving appellant in it. It was a closed car, and Young used a flashlight, throwing the light into the car as Lowe was getting out. Young testified that a pistol was lying on the floor of the car in front of appellant, who had both of his feet on it, trying to cover it up so it would not be seen; that he saw a part of the barrel protruding from under appellant's feet. Appellant and Lowe testified that there was no attempt to conceal the pistol until the car was stopped and Lowe was arrested by the policeman. Appellant contends that the evidence showed, without conflict, that there was an entire absence of any intent on his part to carry the pistol concealed.

The statute makes the fact of carrying a concealed pistol criminal, regardless of the intent with which it is carried. Strahan v. State, 68 Miss. 347, 8 So. 844. The facts in that case were these: Webster, the sheriff of Covington county, gave his pistol to Strahan, the defendant, who was skilled in such work, to repair; and the latter carried it to his home, about two miles distant, for that purpose. Afterwards, at Webster's request, the defendant took the pistol back to him. In returning the pistol defendant carried it concealed in his pocket for the sake of convenience. The court said: ''The defendant did the act forbidden by the statute, which makes the prohibited fact and not the intent criminal.''

It makes no difference what appellant's intent was in carrying the pistol; if he carried it concealed "in whole or in part," he is guilty.

Appellant argues that there was no unlawful carrying of the pistol shown, because the undisputed evidence showed that it was not carried on appellant's person, but was lying in the foot of the car in which he and Lowe were riding.

Whether appellant is guilty of carrying the pistol concealed depends on the determination of the question of what amounts to a "carrying." It will be observed that the statute does not define the crime as the carrying of the weapon concealed on the person; it is the carrying of it concealed in whole or in part that is denounced as a crime. The question is whether appellant was *carrying* the pistol, in the sense of the statute. It was lying in the foot of the car, with both of his feet on it in an effort to conceal it; his person was therefore in contact with the pistol, which was easily accessible to appellant—he had only to bend his body in order to reach down and take the pistol in his hand. The carrying is within the prohibition of the statute, where the weapon is so carried that it is readily accessible, and available for use. 8 R. C. L., p. 292, section 313.

Affirmed.

**Ethridge, P. J.**, delivered the concurring opinion.

I concur in the conclusion reached on the facts in this case, but with some misgivings. The pistol was found under the defendant's feet and was concealed all but a small portion of it. It was probably taken from his person and placed there to prevent the officer from finding it on him. I think the statute does not intend to prohibit the carrying of a pistol, although concealed, if it is not on the person or carried in some receptacle, such as a hand satchel, either in his hand or attached to his person

so as to become to all intents and purposes a part of his person. It does not, in my opinion, prohibit a person carrying it in his car, or other vehicle detached from his person. It has not received that construction by the people at large. Men going to market or traveling away from home have generally considered it permissible to carry it in a provision box or like receptacle. Section 12 of the Constitution of 1890 provides: "The right . . . to keep and bear arms in defense of his home, person, or property, or in aid of the civil power when thereto legally summoned, shall not be called in question, but the legislature may regulate or forbid carrying concealed weapons." This being a provision of the Bill of Rights must receive a liberal construction in favor of the citizen. The evil that was intended by forbidding the carrying of concealed weapons was to prevent carrying weapons on the person into crowds or in places that would endanger public security, and prevent or minimize breaches of the peace and unnecessary killings. Criminal statutes are to be strictly construed and not carried by strained construction beyond the manifest purpose of the statute. It certainly would not be a violation of the statute to pack a pistol in a trunk or a drawer and move it from place to place. A citizen has the constitutional right to avail himself of a weapon to protect his person and property as well as aid the civil power. Among the weapons prohibited being carried concealed is a butcher knife or other like weapon. Surely it would not violate the law to buy a butcher knife, have it wrapped, and carried home or sent to your home by the hardware merchant. Nor would it be necessary for a person moving his effects to place a pistol, if he had one, on the outside of the vehicle conspicuously exposed to view. I think the language used in the main opinion entirely too broad.