BASHAM *v.* TOWN OF SEBASTOPOL.

(Division B. March 11, 1935.)

[159 So. 847. No. 31557.]

W. T. Weir, of Walnut Grove, for appellant.

**A. W. Cooper,** of Forest, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

Ray Basham, the appellant, was arrested in the town of Sebastopol, tried and convicted before the mayor of said town, on June 23, 1934, on a charge of carrying a concealed weapon. He appealed to the circuit court, where he was again convicted and sentenced to pay a fine of twenty-five dollars and costs, from which he appeals here.

He first assigns as error that the ordinance of the town of Sebastopol was void as applied to his arrest and conviction because it only refers to past acts and not to future acts. The ordinance under which the appellant was convicted is a general ordinance seeking to make all

misdemeanors against the state offenses against the town when committed within its limits, and reads, in part, as follows: "Be it ordained by the mayor and board of aldermen of the town of Sebastopol, Mississippi, that all offenses under the penal laws of the State of Mississippi, amounting to a misdemeanor shall also be offenses against the town of Sebastopol, Mississippi, in whose corporate limits the offenses *may have been committed* to the same effect as though such offenses were made offenses against the said town by. separate ordinances in each case," etc.

It is said that this refers only to past offenses and not to future offenses, and as applied to the appellant was an ex post facto law. The language of the ordinance follows the language of the statute authorizing municipalities to adopt misdemeanors under the state law as offenses against the municipalities when committed within same. The statute (Code 1930, section 2549) uses the words, "may have been committed."

We think, therefore, that this assignment of error is without merit.

It is next insisted that the appellant was entitled to a peremptory instruction finding him not guilty, because the proof was developed that he was a traveler and not a tramp, and that such proof brings the case within section 855, Code of 1930, and the case of McLeod v. State, 140 Miss. 897, 105 So. 757. The proof in regard to the appellant's offense was that he drove to Sebastopol at eleven o'clock at night and went to a filling station where he proceeded to put water in his radiator. The marshal of the town had just arrested two persons found burglarizing, and had the mayor of the town there for the purpose of advising him, when he saw the appellant driving into the filling station. The marshal went out there to see who he was and what he was doing, and when the appellant had put the water in the radiator of his car, he started to get into said car when the marshal observed a pistol sticking out of the appellant's pocket, and asked

him what it was, and he stated it was a gun. Thereupon, the marshal took him in charge for carrying a concealed weapon. The appellant called up his employer at Walnut Grove, which was distant about ten miles, and he came over and gave a check for the amount and costs, and he and the appellant went on to Walnut Grove, where the appellant, a young man of about twenty-two years, lived with his father. On learning the facts, his father made bond and the employer stopped payment on the check he had given.

The appellant's proof was that he was a stranger in that community, and had been to Union, about fifteen miles distant, and carried the weapon for protection, and that he was a traveler and not a tramp within the meaning of the statute. It was also shown in the testimony, without dispute, that he was not acquainted with the people living between Walnut Grove and the town of Union. The town of Sebastopol is in Scott county, Walnut Grove in Leake county, and Union in Newton county.

The officer testified that when he went to the scene of the arrest he did not know who the appellant was or where he lived; that he had seen him before, but did not know who he was, and knew nothing of him other than that he had passed through the town. In other words, it was shown in the evidence, without dispute, that the young man was unacquainted with the people living between Walnut Grove and Union, and that he carried the weapon for the purpose of protection.

There is no dispute as to the facts, and we think the case comes within the principles announced in McLeod v. State, supra, and that therefore, the peremptory instruction should have been granted.

What is the extent of a person's community or neighborhood may vary, but where he is traveling beyond its confines the statute permits him to carry a concealed weapon. The judgment of the court below will therefore be reversed, and the cause dismissed.

Reversed and dismissed.