## PATTERSON *v.* STATE

No. 43356          January 25, 1965          170 So. 2d 635

*A. K. Edwards,* Mendenhall, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Brady, Tom P., J.

This is an appeal by Charles Patterson, a Negro, who was convicted in a justice of the peace court on the charge of unlawfully carrying a concealed, deadly weapon, to wit, a pistol. An appeal to the Circuit Court of Simpson County, Mississippi was taken, and there he was again convicted. From this conviction and sentence to pay a fine of $50 and costs, this appeal is prosecuted.

Appellant assigns seven errors, which he claims were committed in the trial in the circuit court. It is unnecessary for us to consider several of these errors which relate to the examination of the defendant and to evidence which was offered over the objection of the appellant. It is sufficient in the disposition of this case to consider solely errors six and seven, which are (6) that the court erred in refusing to grant the defendant a peremptory instruction at the conclusion of testimony as shown by the record; and (7) the verdict of the jury and judgment of the court are against the

great and preponderant weight of the reasonable evidence in the case and contrary to the law of the case, and that there is no evidence to support the verdict of the jury and the judgment of the court.

The pertinent facts are: The appellant resides in Hattiesburg, Mississippi, and has resided there since 1951. He had formerly lived in Simpson County and owned and operated a farm there upon which he paid taxes for over twenty-five years. The record discloses that he grew cotton and other crops on this farm. The farm is located about two and one-half miles west of D'Lo and is composed of fifty-five acres. The record discloses that the appellant had lived in Simpson County practically all of his life before he moved to Hattiesburg. On the night he was arrested, it appears that the appellant was going to see a Mr. Sam Brooks, who lived on the Garfield-May Road in Simpson County. Highway 49 runs from Hattiesburg through the Town of Mendenhall, and patrolman Frank Thames had drunk a cup of coffee in a cafe located there and was standing in front of Mott's Texaco Station straight across the highway from Tolbert's Service Oil Station, both located in the Town of Mendenhall, one on the west and the other on the east side of Highway 49. While standing there, patrolman Thames noticed a Ford coming down the highway toward a pickup truck which had stopped preparatory to turning left about the intersection where Mott's Texaco Station was located. He noted that this car which was being driven by the appellant didn't attempt to stop, and that it wasn't slowing down, so he watched the car and noticed that appellant drove his vehicle to the right of the truck which had stopped in the west lane in order to make a left turn as soon as traffic which was approaching in the east lane had passed by. The truck was headed south in the southbound lane and the moving northbound traffic was preventing the truck from turning to the left and pro-

ceeding to the east. The appellant did not stop his car behind the stopped vehicle, but turned to the right on Highway 49. The record discloses that appellant's car was traveling at fifteen to twenty miles per hour. The patrolman testified that he was on the driveway portion out from the side driveway of the Standard Station. The patrolman did not stop him then, but got into his car and proceeded to follow appellant approximately a mile to a mile and a half on the Garfield-May Road, and then turned on the red light and stopped him. Both men got out of their cars, and the patrolman asked to see appellant's driver's license. While appellant was locating the driver's license, he asked the officer why he was being stopped. The officer replied ''improper passing and reckless driving back there when you passed that car stopped there, on the right.'' The patrolman placed him under arrest on a charge of reckless driving. Apparently the patrolman searched him but did not remember whether he found a knife on him or not, he placed him in the patrol car, told him to stay there, and then went back to appellant's car. The patrolman stated that he made it a habit of taking his cap off and putting it up on the patrol car when leaning over and looking into the car, and that he looked in the back seat, looked all through the car where it was visible, and then leaned over and looked under the front seat and saw the cylinder of a gun or pistol in a paper bag. ''I could see it, it was torn to where I could see it was the cylinder of a pistol,'' and ''I took the pistol out and charged him with the possession of a concealed weapon.'' The pistol which was loaded was delivered to the sheriff who kept it in a desk. The gun was identified as being appellant's, and was loaded with six cartridges.

The State proved that this occurred in Beat One, the district of Justice of the Peace F. L. Patterson in Simpson County, Mississippi. The patrolman was

the only witness for the State, and at the conclusion of his testimony, the State rested its case.

Appellant testified that he had come from Hattiesburg to his farm because of the condition of the cotton, which was "fluffy" and he was trying to save seed but did not have a storeroom in which to place them. Knowing that Mr. Sam Brooks was gathering seeds at that time, he was planning to ask him to save seeds for him. Mr. Brooks lives on the same road on which the highway patrolman stopped appellant. Appellant testified that he was driving at a rate of speed between fifteen and twenty miles an hour, and when he came to the parked pick-up truck, he passed it on the right side of the road in front of the two service stations and pulled back into the highway; that the pick-up truck was waiting to turn left on Highway 49; and that it was in front of the American Oil Station across from Mott's Cafe. He testified that he went between the pick-up truck, to the right of the truck, between that truck and the gas tanks and the gas station on the highway; and that at the time, there was no traffic. He testified that when he was approximately a mile out of town, he saw a red light flashing on a car and recognized that it was that of an officer. He stopped immediately. He testified that he did not know that he had violated a law, and that he had seen people drive through the driveway of the service station when cars were turning left, and that was why he said "I haven's been in nobody's driveway." He testified that the gun was not under the seat, but that it was lying on the floor of the car, and that he carried it for his protection; and also that he traveled from Mendenhall to Hattiesburg out to his farm and back to Hattiesburg. He stated that he knew only one person on the Garfield-May Road and that was Mr. Sam Brooks. The record disclosed that at the time he had on his person $61 in bills, consisting of four tens, two fives and eleven ones, and

he had between $20 and $25 in change in a paper bag in the glove compartment of his car. He also had a cotton check for $906.29, which represented the sale of five bales of cotton.

The record discloses that the distance from Hattiesburg to D'Lo is sixty-two miles, according to the highway signs; that he was traveling beyond the scope of his friends, that he was carrying the pistol for his own protection, particularly since he had money on his person; and that he never carried the gun except when he had to go long distances, such as from Hattiesburg to Mendenhall or to D'Lo. He testified that he had owned the gun for fifteen or twenty years. He testified that it was in the same general condition when he saw it exhibited as it was when he had it in his possession, and that he had not oiled it in about ten years. The district attorney showed the jury oil which had been placed on the gun and sought to impeach this witness on this immaterial point.

Over the objection of appellant's attorney, the court permitted the district attorney to ask this witness if he belonged to the NAACP, and if he did not carry the pistol to Jackson, Mississippi to meetings. Appellant denied that he belonged to the NAACP or that he attended meetings in Jackson. Appellant further testified that he has not lived in Simpson County since 1951, and that he now resides in Hattiesburg. Appellant testified that he was not in a hurry, that he was just on his way home when he passed to the right of the stopped truck in the Town of Mendenhall.

Dick Thompson, a resident of Simpson County, testified that he has known appellant all of his life, and that he owns land in the vacinity of D'Lo.

Mr. Henry Phillips, Project Engineer of the Mississippi State Highway Department, testified that the highway right-of-way at the place in question was eighty feet in width; and that the road proper consisted of

twenty feet, divided into two lanes by a strip in the middle, the west lane being the southbound and the east being the northbound. He testified that there were thirty feet east and thirty feet west of each of these lanes and that all belonged to the highway department; that the pumps of the service station were located approximately two feet off the eighty-foot right-of-way and that anyone who approaches the intersection and wants to go to the right has thirty feet in addition to the ten feet making up the southbound lane in which to do so. This witness estimated that the pumps of the service station were one-foot off of the right-of-way. This witness testified that the American Oil Company doesn't own the land which is in front of it which is being utilized as an approach to its service station; but that it is used by the public generally.

Mr. Lem Brewer, operator of the American Oil Station, testified that his pumps were located two feet beyond the thirty-foot strip west of the ten-foot southbound lane. He testified that his company asserted no claim to the thirty-foot strip in front of his right-of-way or to any part of the eighty-foot right-of-way, that nothing was claimed except that which is located within the property lines where the service station is located, and that begins approximately two feet onto the highway which belongs to the highway department. He asserted no claim or right of title to any part of Highway 49.

The State asked for only one instruction, which was ". . . if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Charles Patterson, did have in his possession concealed in whole or part a concealed deadly weapon, to-wit: a pistol, then you should find the defendant guilty, and the form of your verdict should be:

" 'We, the jury, find the defendant guilty as charged.' "

Appellant asked the court to instruct the jury peremptorily that Charles Patterson was not guilty, and this is urged as a ground for reversal of the case. In addition, appellant asked and received this instruction: ''The Court instructs the jury for the defendant that if there is a reasonable doubt as to whether defendant at the time of his arrest was traveling and was not a tramp, or was setting out on a journey which would have taken him beyond the scope of his friends, then it is your duty to find him not guilty.''

It is unnecessary for this Court to consider any details of the trial toward which objections were made at the time, some of which are properly urged as grounds for reversal of this case. This Court does not have to pass upon the question of whether or not the officer had probable cause to stop appellant and arrest him in the first instance, or whether the subsequent search of the vehicle was illegal, or whether the pistol was easily accessible (which fact the record does not disclose), for the reasons that the proof is sufficient to show that this defendant was traveling and was not a tramp, but had set out on a journey which did take him beyond the scope of his friends, and that his journey was a legitimate one in which he had a vital interest, related solely to his business, and he was not violating any statutes relating to the carrying of a concealed weapon. The State completely failed to negative the proof of appellant of his statutory defense afforded by Mississippi Code Annotated sections 2079 and 2081 (b) (1956). The learned circuit judge should have granted the peremptory instruction requested by appellant. Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So. 2d 512 (1963); Gause v. State, 203 Miss. 377, 34 So. 2d 729 (1948); Basham v. Town of Sebastopol, 172 Miss. 194, 159 So. 847 (1935); Sullivan v. State, 156 Miss. 718, 126 So. 646 (1930); Clark v. City of Jackson, 155 Miss. 668, 124 So. 807 (1929); Duckworth v. Town of Taylors-

ville, 142 Miss. 440, 107 So. 666 (1926); McLeod v. State, 140 Miss. 897, 105 So. 757 (1925); Fisher, Vehicle Traffic Law, 375-377 (1961); Annot. 50 A. L. R. 1534 (1927); Miss. Const. Art 3 §§ 12, 23 (1890).

The judgment will therefore be reversed and defendant discharged.

Reversed and judgment here for appellant.

*Kyle, P. J., and Gillespie, Rodgers and Jones, JJ.,* concur.