WALKER, Justice:
Little R. Joseph was convicted in the Circuit Court of Sharkey County, Mississippi, of the crime of carrying a concealed weapon and fined $400 and costs. From that judgment, Joseph prosecutes this appeal.
Little R. (Rocking Joe) Joseph, the appellant, is forty-six years of age, has lived in Cleveland, Mississippi, since 1967 and has been a “disc jockey” for sixteen years. *212 He had traveled from his home in Cleveland, Mississippi to Rolling Fork, Mississippi, a distance of about 85 miles, almost every Saturday for the past two years for the purpose of conducting a Saturday night record hop as a disc jockey. On Saturday, June 9, 1973, appellant made his usual trip to Rolling Fork, conducted a record hop and was returning to his home in Cleveland at approximately 1:30 a. m. Sunday morning when he was “flagged down” on Highway 61 between Anguilla and Rolling Fork by a motorist whose lights had failed. About ten seconds after appellant stopped, the highway patrolmen pulled up and stopped in between the two parked cars. While making their investigation, one of the officers noticed a pistol in Joseph’s vehicle which he testified was wedged in the crack between the cushions of the front seat with all but the butt plate concealed. Appellant was then arrested and charged with carrying a concealed weapon.
Appellant contends that he carried the pistol for protection while he was traveling and that he was not a tramp and had a right under Mississippi Code Annotated section 97-37-9 (1972) to carry a weapon, whether concealed or not.
Mississippi Code Annotated section 97-37-1 (1972) makes it unlawful to carry concealed a “pistol, revolver, etc.” and prescribes the penalties for a violation thereof, while section 97-37-9 provides that:
Any person indicted or charged for a violation of section 97-37 — 1 may show as a defense:
(a) That he was threatened, and had good and sufficient reason to apprehend a serious attack from any enemy, and that he did so apprehend; or
(b) That he was traveling and was not a tramp, or was setting out on a journey and was not a tramp; or
(c) That he was a law enforcement or peace officer in the discharge of his duties; or
(d) That he was at the time in the discharge of his duties as a mail carrier; or
(e) That he was at the time engaged in transporting valuables for an express company or bank; or
(f) That he was a member of the armed forces of the United States, National Guard, State Milita, Civil Defense Corps, guard or patrolman in a state or municipal institution while in the performance of his official duties; or
(g) That he was in lawful pursuit of a felon; or
(h) That he was lawfully engaged in legitimate sports; or
(i) That at the time he was a company guard, bank guard, watchman or other person enumerated in section 97-37-7 and was then actually engaged, in the performance of his duties as such, and then held a valid permit from the sheriff or the secretary of state to carry the weapon.
And the burden of proving either of said defenses shall be on the accused. (Emphasis added.)
It is readily apparent that appellant was not a tramp as the evidence showed that he had about $100 on his person and was transporting a large amount of musical equipment valued at $4,000 which he uses in his business as a disc jockey.
The only real question for determination is whether appellant was “traveling” within the meaining of section 97-37-9 (b).
In Morgan v. Heidelberg, 246 Miss. 481, 150 So.2d 512 (1963), this Court defined “traveling” as follows:
The traveling or setting out on a journey, intended by the statute to be an excuse for carrying a concealed weapon, means a travel of such distance as to take one beyond the circle of his friends *213 and acquaintances. (246 Miss, at 491, 150 3o.2d at 516.)
In Patterson v. State, 251 Miss. 565, 170 So.2d 635 (1965), the Court had before it a strikingly similar factual situation to the present case. There, the Court reversed holding that the trial court should have granted the peremptory instruction requested by appellant on proof that the appellant was traveling in the vicinity of Highway 49 near Mendenhall, Mississippi, on a journey from his residence in Hattiesburg to D’Lo, Simpson County, Mississippi, his past residence being a distance of 62 miles. The proof in that case showed that Patterson had $61 in bills on him, $20 to $25 in change in the glove compartment of the car and a cotton check for $906.29. The concealed weapon was a pistol partially concealed by a paper sack, partly hidden under the car seat. In reversing, this Court stated:
[T]he proof is sufficient to show that this defendant was traveling and was not a tramp, but had set out on a journey which did take him beyond the scope of his friends, and that his journey was a legitimate one in which he had a vital interest, related solely to his business, and he was not violating any statutes relating to the carrying of a concealed weapon. The State completely failed to negative the proof of appellant of his statutory defense afforded by Mississippi Code Annotated sections 2079 and 2081(b) (1956). The learned circuit judge should have granted the peremptory instruction requested by appellant. (251 Miss, at 572, 170 So.2d at 638).
See also McLeod v. State, 140 Miss. 897, 105 So. 757 (1925). In this case, the defendant was shown to be traveling from Mt. Olive, Mississippi, to Chunchula, Alabama, to move a family from Chunchula to Mt. Olive for a new job at a sawmill. The facts revealed that the defendant was first arrested on an intoxication charge, which was later dropped, and at the time of his arrest a pistol was concealed on his person. The defendant invoked as a defense the fact that he was traveling and was not a tramp, or was setting out on a journey and that he was not a tramp. This Court found that McLeod’s testimony that he was traveling and was a stranger was uncon-tradicted and that a peremptory instruction should have been given for the defendant. In so finding, this Court stated :
The statute confers a right and a defense, which the jury has no right to disregard, where the defendant’s testimony is uncontradicted, and where on its face it is not improbable. The jury has no right to disregard arbitrarily the evidence in the case. The evidence is not improbable on its face, and is not unreasonable in any respect, and is absolutely uncontradicted.
The judgment will therefore be reversed, and the defendant discharged. (140 Miss, at 931, 105 So. at 757).
It might well be, as the state contends, that Joseph had friends and acquaintances in Cleveland and Rolling Fork, but the uncontradicted testimony, which is not improbable on its face or unreasonable, shows that in traversing the 85 miles distance between the two towns he was taken beyond the circle of these friends and acquaintances. Therefore, he was authorized by the statute to carry a weapon, whether concealed or not, for the protection of himself, his companion, and the valuable musical equipment with which he made a living.
We are of the opinion that appellant’s peremptory instruction should have been granted by the learned trial judge and the defendant discharged.
The judgment of the lower court is therefore reversed and the appellant discharged of the crime of carrying a concealed weapon on June 10, 1973.
Reversed and appellant discharged.
RODGERS, P. J., and ROBERTSON, SUGG and BROOM, JJ., concur.