McRAE, Justice,
for the Court:
L.M., S.T. and D.S., minors, appeal from an adjudication of delinquency for carrying concealed weapons. in violation of Miss. Code Ann. § 97-37-1 (1972). The Hancock County Youth Court ordered L.M. and S.T. to be committed to Oakley Training School, and placed D.S. on probation. We affirm the findings of the Youth Court regarding L.M., but find there is insufficient evidence to uphold the court’s determination regarding D.S. and S.T.

Facts

At approximately 11:00 p.m. on July 9, 1988, Officer David Sellier was alerted by his sergeant that six black males, traveling in a blue Ford Fairmont with a Harrison County tag, were reportedly on their way to “shoot up” a beach party in Bay St. Louis. Shortly thereafter, he received a report of a shooting on the beach. When he arrived, he met several black juveniles who claimed someone had shot at them. After talking with the juveniles, he began to patrol the area and noticed a speeding blue Ford Fairmont with Harrison County plates. He then called for back-up support and “initiated felony stop procedures.” Officer Sellier first searched the driver. After the other police officers arrived, the five passengers were searched. A vehicle search then resulted in the confiscation of four weapons secured under the hood. The police arrested all six youths and took them to the Hancock County Sheriff’s Office.
During the trial, Charles Dedeaux, the driver of the car on the night in question, took the stand. According to Dedeaux’s sworn testimony, he, L.M. and another minor had picked up the guns in North Gulf-port. Neither S.T. nor D.S. was present *969 when they loaded the guns under the hood of the car. However, Dedeaux also stated that everyone in the car knew the guns were there because he discussed selling them on the drive from Gulfport to Wave-land.
After the State rested, defense counsel moved for dismissal under the “traveling” or “taking a trip” defense as set forth in Miss.Code Ann. § 97-37-9(b) (1972). The judge ruled as follows:
Overruled as to that because I think it’s the clear intention of subsection a [sic] that they would be on a journey and traveling from the distance from Pass Christian and Waveland is probably not more than four or five miles and I certainly don’t think that the statute has the intention of just going from one little town to another so I overrule that.
LAW
I.
This Court recently articulated the scope of review in youth court cases as follows:
Of course, in reviewing the evidence we do not proceed de novo. Rather, our scope of review is limited. We consider all of the evidence before the Youth Court in the light most favorable to the State. If the evidence so considered is opposed to the adjudication of the Youth Court with such force that reasonable men could not have found as the Youth Court did beyond a reasonable doubt, we must reverse. On the other hand, if there is substantial evidence in the record supporting the adjudication of the Youth Court, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, the Youth Court might reasonably have ruled as it did, we must affirm.
In re S.B., 566 So.2d 1276 (Miss.1990) (citations omitted).
As we indicated in In Interest of T.D.B., 446 So.2d 598, 599 (Miss.1984), the Youth Court Judge, as the trier of fact, has “great authority and wide discretion ... in delinquency cases and disposition orders.” He must, however, find beyond a reasonable doubt that the minor is delinquent as charged. Miss.Code Ann. § 43-21-561(1).
To be found delinquent, a minor must have committed a delinquent act, that is one “which if committed by an adult, is designated as a crime under state or federal law, or municipal or county ordinance other than offenses punishable by life imprisonment.” Miss.Code Ann. § 43-21-105(j). On July 21, 1988, the Hancock County Prosecutor filed petitions against sixteen-year-old D.S., seventeen-year-old S.T. and seventeen-year-old L.M. The petitions alleged identical violations as follows:
COUNT 1) that said child did in Hancock County, MS, on or about the 9th day of July, 1988, violate section 97-37-1 of the MS Code of 1972, Annotated, as he did unlawfully and wilfully carry concealed weapons, to-wit:
one R.G. INDUSTRIES .22 caliber revolver;
one R.G. INDUSTRIES .38 caliber revolver;
one 30-30 caliber Marlin lever action rifle; and
one .22 caliber sawed-off automatic rifle;
the same being concealed under the hood of a car.
COUNT 2) that said child did in Hancock County, MS, on or about the 9th day of July, 1988, violate section 97-35-15 of the MS Code of 1972, Annotated, as he did unlawfully and wilfully disturb the public peace by seeking to intimidate other persons, to-wit:
by discharging a firearm' over the heads of a group of people on the beach.
At the hearing and pursuant to the State’s motion, the Youth Court Judge dismissed Count 2 against the three youths. As to Count 1, all three denied the allegations of the petition.
Miss.Code Ann. § 97-37-1 (1972) prohibits any person from carrying a con *970 cealed weapon.[1] We consider first whether transporting a weapon under the hood of a car constitutes “carrying” under the statute. The appellants contend that it was not the intent of the legislature, in its passage of Miss.Code Ann. § 97-37-1 (1972), to require that all transportation of weapons be carried out in the open. Rather, the intent of the statute is to prohibit a seemingly harmless individual from having a deadly weapon within his reach.
In Clark v. City of Jackson, 155 Miss. 668, 124 So. 807 (1929) this Court addressed the issue of “carrying” under the statute. In Clark, the appellant appealed his conviction of carrying a concealed pistol. Clark, 155 Miss. at 669, 124 So. at 807. Clark had allegedly attempted to conceal a weapon by covering it with his feet on the floorboard of a car. Id. at 671, 124 So. at 807. This Court, in affirming Clark’s conviction, stated as follows:
Whether appellant is guilty of carrying the pistol concealed depends on the determination of the question of what amounts to a “carrying.” It will be observed that the statute does not define the crime as the carrying of the weapon concealed on the person; it is the carrying of it concealed in whole or in part that is denounced as a crime. The question is whether appellant was carrying the pistol, in the sense of the statute. It was lying in the foot of the car, with both of his feet on it in an effort to conceal it; his person was therefore in contact with the pistol, which was easily accessible to appellant — he had only to bend his body in order to reach down and take the pistol in his hand. The carrying is within the prohibition of the statute, where the weapon is so carried that it is readily accessible and available for use.
Id. at 672, 124 So. at 808 (citation omitted) (emphasis added).
The State argues that this Court did not define “carrying” in Clark, but instead reached the conclusion that when the weapon is readily available, it is certainly “carrying.” The State cites in support of its position both Patterson v. State, 251 Miss. 565, 170 So.2d 635 (1965) (weapon found under front seat) and Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So.2d 512 (Miss.1963) (weapon found under appellant’s leg in vehicle). Patterson and Morgan are easily distinguishable from the case sub judice because the weapons involved in those cases were readily accessible and available for use.
II.
Next, appellants assert the “traveling” or “taking a trip” defense set forth in Miss.Code Ann. § 97-37-9(b), wherein any person charged with a violation of § 97-37-1 may show as a defense “that he was traveling and was not a tramp, or was setting out on a journey and was not a tramp.”
In Morgan v. Town of Heidelberg, 246 Miss. 481, 491, 150 So.2d 512, 516 (1963) this Court defined “traveling” as “[t]he traveling or setting out on a journey, intended by the statute to be an excuse for carrying a concealed weapon, means a travel of such distance as to take one beyond the circle of his friends and acquaintances.” This Court specifically addressed Miss.Code Ann. § 97-37-9(b) in Patterson v. State, 251 Miss. 565, 572, 170 So.2d 635, 638 (1965). It held that:
[T]he proof is sufficient to show that this defendant was traveling and was not a tramp, but had set out on a journey which did take him beyond the scope of his friends, and that his journey was a legitimate one in which he had a vital interest, related solely to his business, and he was not violating any statutes relating to the carrying of a concealed weapon.
*971 Further, in Joseph v. State, 299 So.2d 211, 213 (Miss.1974), this Court determined that the statute authorized the appellant to carry a concealed weapon because his employment as a disc jockey required him to travel 85 miles between two towns, carry money and transport musical equipment.
Appellants contend that the “traveling” or “taking a trip” defense is applicable to them since they were not residents of Hancock County where they were apprehended. The State argues that merely leaving one’s county of domicile is not enough to establish that they were outside their circle of friends.
Patterson and Joseph demonstrate that more is needed to establish the “traveling” defense than merely leaving one county and entering another. Accordingly, the appellants’ assertion that they were “traveling” or “taking a trip” falls short of establishing that defense.
III.
Finally, the appellants assert that there was insufficient evidence to establish that they knew that the weapons were in the vehicle. They contend that Dedeaux’s testimony offers little to implicate D.S. and S.T. because the guns were already in place under the hood when he picked them up. Appellants also argue that although De-deaux’s testimony did implicate L.M., it was so substantially impeached that no fair-minded trier of fact could be convinced beyond a reasonable doubt of his guilt.
Considering all of the evidence in the light most favorable to the State, we hold that there is substantial evidence demonstrating that L.M. knew of the existence and was in constructive possession or control of the weapons in the vehicle. However, with regard to D.S. and S.T., we are reminded that “[g]uilt by association is neither a recognized nor tolerable concept in our criminal law.” Davis v. State, 586 So.2d 817, 821 (Miss.1991); Pryor v. State, 239 So.2d 911, 912 (Miss.1970); Matula v. State, 220 So.2d 833, 836 (Miss.1969). The State failed to adduce adequate evidence to show that D.S. and S.T. had knowledge, possession or control of the guns. Merely riding in the vehicle where the guns were stashed falls short of even constructive possession. Davis, 586 So.2d at 821. Accordingly, we affirm the Youth Court’s adjudication of L.M. and reverse and render with regard to S.T. and D.S.
AFFIRMED IN PART, REVERSED AND RENDERED IN PART.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER and PITTMAN, JJ., concur.
DAN M. LEE, P.J., concurs in results only.
ROY NOBLE LEE, C.J., files separate concurring opinion, joined by DAN M. LEE, P.J.
BANKS, J., filed separate written dissent, joined by ROBERTSON AND SULLIVAN, JJ.

. Miss.Code Ann. § 97-37-1(2) has been changed effective July 1, 1991, to read as follows:
It shall not be a violation of this section for any person over the age of eighteen (18) years to carry a firearm or deadly weapon concealed in whole or in part within the confines of his own home or his place of business, or any real property associated with his home or business or within any motor vehicle.
(emphasis added)