ROY NOBLE LEE, Chief Justice,
concurring:
I concur with the majority opinion, but I think more should be said about carrying concealed weapons.
One of the first cases I undertook as a young lawyer was the defense of a man charged with carrying a concealed weapon. I thought his defense would be simple and easy until I learned what the statute meant. To my amazement, I discovered that carrying a concealed weapon in whole or in part even meant that a revolver carried in a holster on a man’s hip was a partially concealed weapon, riding a horse with a saddle holster and revolver under a person’s leg violated the statute; and that covering a weapon with feet, hands, or clothing meant that the weapon was concealed under the interpretation of the statute. Conceivably, carrying a revolver suspended from the neck by a leather throng could be partially concealing it. (One Western gunfighter used that method.)
The reasons for the strict interpretation of the statute were that many years ago people carried firearms for their protection — usually partially concealed as in holsters. People were also prone to settle *972 their differences by fist fights and it was fairly common to see such incidents occur in public places. If a person was prone to provoke a fight with a seemingly unarmed man, he could easily be killed or injured in the event his adversary was carrying a concealed weapon. If the weapon had been visible probably no altercation would have occurred.
I do not believe that it was the intention of the statute to include “carrying” a concealed weapon as having the weapon in the trunk of an automobile or buggy, in the glove compartment or console of an automobile or the compartment of a surrey or in a valise, suitcase or traveling bag (not airplanes).
I further agree that § 97-37-9(b) exempting the traveler from the prohibition of carrying a concealed weapon “outside the circle of his friends” is a laudable provision. See Patterson v. State, 251 Miss. 565, 170 So.2d 635 (1965). It is common knowledge that, under some such circumstances and in such situations, people must have protection and their “equalizer” with them. This provision and exemption have been a part of our law for more than one hundred years and it is still vibrant and strong today. In olden day, the statute meant a travel of some distance to take one beyond the circle of his friends and acquaintances, because they usually knew everybody within fifty miles. See McGuirk v. State, 64 Miss. 209, 1 So. 103 (1887); Morgan v. Town of Heidelberg, 246 Miss. 481, 150 So.2d 512 (1963). I note, without advocating an abrogation of the rule, that in these modern times when people reside in cities, with thousands of inhabitants, they frequently do not know their neighbors in the next block and certainly not in the next neighborhoods or across the city. Within two or three blocks, they are outside the circle of their friends.
DAN M. LEE, P.J., joins this opinion.