GASTON W. SMITH *v.* TOWN OF OXFORD.

[45 South., 365.]

1. CRIMINAL LAW AND PROCEDURE. *Venue, defective statement. Objection out of time. Supreme court practice.*

   A defective statement of venue in an indictment or affidavit charging crime, objected to for the first time in the supreme court, does not warrant the reversal of a judgment convicting the defendant.

2. SAME. *Special bill of exceptions.*

   A special bill of exceptions, purporting to set out only the testimony offered on the hearing of a motion for a new trial, does not bring in review generally the correctness of the judgment sought to be vacated.

FROM the circuit court of Lafayette county.

HON. JAMES B. BOOTHE, Judge.

Smith, appellant, having been convicted in the municipal court of Oxford of unlawfully selling intoxicants, appealed to the circuit court; was there tried, convicted and sentenced for the offense charged, and appealed to the supreme court.

The opinion of the court states the facts.

*W. V. Sullivan,* for appellant.

The record shows two affidavits against the appellant, one charging that he unlawfully sold intoxicants within five miles of the University of Mississippi, the other that he unlawfully sold intoxicants within the corporate limits of the municipality of Oxford. The record fails to show on which affidavit the appellant was tried and convicted, hence the proceeding was void.

If the trial and conviction of appellant were upon the first affidavit, alleging a sale within five miles of the University, no venue was laid. *Thompson* v. *State,* 51 Miss., 353. The mayor had no jurisdiction outside of the town of Oxford, and the affidavit does not show the alleged offense to have been committed within the town, county, or state.

If the trial and conviction of appellant were upon the second affidavit, alleging sale within the corporate limits of Oxford, the proceeding was under a town ordinance, for the affidavit distinctly says " against the ordinance of the town and against the peace and dignity of the state." If the proceeding were under an ordinance, the affidavit should have set out that the sale, gift or barter was made to induce trade. This is not set forth. It nowhere appears that the ordinance was passed by the municipal board or published as the law required.

It is immaterial, for the decision of this case upon which of the two affidavits the trial was had, for the mayor was altogether without jurisdiction in the one instance and no legal charge was made under the other, even if the ordinance were legally passed.

If, as contended by learned counsel for appellee, one of the affidavits was withdrawn, was it not the duty of the prosecution to let the record show which of the two was withdrawn? Is it not reasonable to conclude that the first one in point of time was the one withdrawn? If so, the trial was under the affidavit charging the sale to have been made within five miles of the

University, laying no venue, and the mayor was without juris-
diction.

The record shows that the proceedings were before the mayor,
and the circuit court could have no more jurisdiction than had
the mayor.

All presumptions of law and facts must be in favor of the
defendant.

*Kimmons & Kimmons,* for appellee.

There can be no difficulty in determining from the record on
which of the two affidavits appellant was tried. The first one,
charging the unlawful sale to have been made within five miles
of the University of Mississippi, the one that was withdrawn,
shows on its face that it belonged to another and different case,
viz., a case before an *ex-officio* magistrate for an offense against
the state; while the other affidavit alleged an offense against
the town of Oxford and was made before the mayor. The
record discloses the order of the circuit court allowing the
affidavit incorrectly attached to the transcript from the mayor's
court to be withdrawn. The record further discloses the filing
of the second affidavit. The appeal from the mayor's court to
the circuit court shows it was from the judgment in favor of
the town of Oxford and not the state of Mississippi. There is
enough in the record to show that appellant was tried upon that
affidavit which charged the unlawful sale to have been made
within the limits of the town.

The points raised by the learned counsel for appellant cannot
be considered by this court, because there was no general bill of
exceptions perpetuating a history of the trial. There is no
special bill of exceptions under which the ordinance of the town
can be reviewed by this court. There is a bill of exceptions
to the evidence, offered by appellant in support of his motion
to set aside the verdict against him and to grant him a new trial,
but this bill of exceptions does not show the ordinance which
was introduced in evidence on the trial. Objection is made

by appellee to any consideration by this court of any matters presented by this bill of exceptions, for the reason that it does not purport on its face to show any evidence introduced on the trial of the cause.

This bill of exceptions cannot be considered for the further reason that under Code 1906, § 796, a bill of exceptions to a judgment overruling a motion for a new trial must be presented to the judge during the term or within ten days thereafter, or such further time, not exceeding sixty days, after the close of the term, as the court may allow. And if objection be made thereto in this court, a bill of exceptions presented to the circuit judge out of time will not be considered here. *Allen* v. *Levy,* 59 Miss., 613.

Every presumption must be indulged in favor of the legality of the rulings of the court below, and such rulings must be sustained if they might have been correct under any possible proof admissible under the pleadings. *Bowers* v. *Ross,* 55 Miss., 233.

Calhoon, J., delivered the opinion of the court.

There is no stenographic report of the evidence taken on the trial, and therefore we are confined to the record itself. The appellant, Smith, was tried in the mayor's court; that court sitting either as a mayor's court or as the court of the mayor as *ex-officio* justice of the peace. This is the point of one of the controversies. There appears in the record of the appeal from the lower court to the circuit court, as being among the papers, two distinct and separate affidavits, the first one charging the sale of intoxicating liquors within five miles of the University of Mississippi, which would pertain to *ex-officio* proceedings. The second affidavit charges the unlawful sale to have been made " at his place of business in the town of Oxford, Mississippi, against the ordinance of the town and the peace and dignity of the state of Mississippi."

The corporation of Oxford made a motion which is disposed

of in these words by the circuit court: "On motion by the plaintiff that the officer, in sending up the record in this case, had by mistake attached to the papers sent up the wrong affidavit, plaintiff is allowed to withdraw the affidavit attached and file the affidavit alleged to be the correct one, and the cause is continued until next term of court." No testimony appears pro or con on this motion, and it must be presumed that the court acted intelligently. It also appears that there was an order of the court allowing the first affidavit charging that the offense was committed within five miles of the University of Mississippi, to be withdrawn; and it further appears by an order of the court that the second affidavit was filed pursuant to order allowing the same. The appeal from the court of original jurisdiction to the circuit court, and the appeal from that court to this, distinctly shows that they were from a judgment rendered in favor of the corporation of Oxford. It is plain that the appellant was tried in the court of original jurisdiction and in the circuit court on only one of the affidavits, and that was for the sale of the liquor " at his place of business in the town of Oxford, Mississippi, against the ordinance," etc. His appeal to the circuit court was from that, and the bond for appeal recites that he was duly convicted before the mayor of Oxford. Undoubtedly this was the affidavit on which he was tried in both courts.

To the objection here for the first time that this affidavit did not lay any venue, we have only to refer to Code 1906, § 1428, and Brame & Alexander's Dig., p. 296, cl. 5. The statement of the venue at most was simply imperfect, and the affidavit is headed by the officer, " The State of Mississippi, Lafayette County," and the statute and all the decisions bearing on the question in Mississippi prevent reversal, unless the objection to the statement of venue was taken in the court below, when it could have been promptly amended.

The motion for a new trial is based on two grounds only: First, because the affidavit charged no offense; and, second,

because of the discovery since the trial that the ordinance relied on was illegal.    This motion for a new trial was filed on March 21, 1907, while the court was in session, and on the same day the court overruled that motion.    Subsequently, on October 7, 1907, nearly six months afterwards, a bill of exception was signed by the presiding judge which recites that a motion to set aside the verdict and for a new trial was entered, and that upon said motion the corporation ordinance book was introduced, which recites an ordinance of the town of Oxford, said to be void, denouncing a penalty against those who unlawfully sold intoxicating liquors in that town.    It nowhere appears whether or not that particular ordinance or some other ordinance was introduced on the trial itself.    Another and valid one may have been introduced on the trial, or there may have been a waiver. We do not know what happened, and, if we were at liberty to take this bill of exceptions, signed six months after the trial, into consideration at all, we cannot say that everything was not regular on the main trial.

*The judgment appealed from is affirmed.*