### Evans v. State.[*]

(Division B. June 7, 1926.)

[108 So. 725. No. 24908.]

1. INDICTMENT AND INFORMATION.

   Indictment for grand larceny in county composed of two judicial districts, simply stating that crime was committed in county aforesaid, *held* to fail to charge venue of crime as required by Constitution 1890, section 26.

2. INDICTMENT AND INFORMATION.

   Indictment must give defendant notice, not only of nature and cause of accusation, but also notice of place where offense was alleged to have been committed.

3. INDICTMENT AND INFORMATION.

   Indictment failing to properly charge venue of crime is not cured by amendment properly stating venue, in absence of order on minutes authorizing such amendment nor of any ruling of trial court authorizing it.

4. INDICTMENT AND INFORMATION.

   Under Hemingway's Code, section 1184, indictment failing to properly state venue of crime is amendable.

5. JUDGMENT MOTIONS.
   Judgments and orders of circuit courts can be evidenced only by their minutes.

---

*Corpus Juris-Cyc References: Criminal Law, 17CJ, p. 122, n. 95. Indictments and Informations, 31CJ, p. 674, n. 72; p. 677, n. 19; p. 693, n. 16; p. 832, n. 8 New. Judgment, 34CJ, p. 57, n. 82. Larceny, 36CJ, p. 810, n. 3. Orders, 29Cyc, p. 1515, n. 16; p. 1516, n. 21 New. Necessity of alleging venue of crime in indictment, see 14 R. C. L., p. 181 et seq., 3 R. C. L. Supp., p. 189; 4 R. C. L. Supp. p. 885.

APPEAL from circuit court of Jones county, Second district.

HON. R. S. HALL, Judge.

Eugene Evans was convicted of grand larceny, and he appeals. Reversed and remanded.

Briefs filed by *Jeff Collins* and *F. B. Collins,* for appellant, and for the State by *Harry M. Bryan,* Assistant Attorney-General.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of the Second district of Jones county of the crime of grand larceny, and sentenced to the penitentiary for a term of five years. From that judgment he prosecutes this appeal.

The indictment, as returned into court by the grand jury and filed by the clerk, was in the following form:

"The State of Mississippi. Second District, Jones County.

"Circuit Court, November, 1924, Term.

"The grand jurors of the state of Mississippi, elected, summoned, impaneled, sworn, and charged to inquire in and for the Second judicial district of Jones county, state of Mississippi, at the term aforesaid, of the court aforesaid, in the name and by the authority of the state of Mississippi, upon their oaths present that Eugene Evans, on the 17th day of November, 1924, in the county aforesaid, did two automobile casings, each of the value

of nineteen dollars, five automobile inner tubes, each of the value of eight dollars, one Klaxon horn of the value of five dollars, one automobile mirror of the value of one dollar, all of the aggregate value forty-six dollars, of the personal property of the Hattiesburg Vulcanizing Company, a corporation, did then and there feloniously take, steal, and carry away, against the peace and dignity of the state of Mississippi.

"[Signed] Alexander Currie, District Attorney."

Appellant demurred to the indictment, one ground of the demurrer being that the indictment failed to set out the venue of the crime charged. Appellant's demurrer to the indictment was overruled.

Jones county is composed of two judicial districts for the holding of circuit and chancery courts in the county. Under the statute dividing the county into two districts for the holding of circuit and chancery courts, each of such districts stands exactly as if it were a separate county. The grand and petit juries for each district are drawn alone from that district, and for venue purposes each district is a separate county. There is no controversy between the appellant and the state as to that proposition. It is also conceded by the state that the indictment as found and returned by the grand jury and filed by the clerk failed to properly state the venue of the crime charged. Although the caption of the indictment including that part down to where appellant's name first appears would indicate that the grand jury finding the indictment was sitting in and for the second judicial district of Jones county (the district in which the evidence shows the crime was committed), still when it comes to the charging part of the indictment, where the venue was attempted to be set out and should have been, it is simply stated that the crime was committed "in the county aforesaid." That was the controlling part of the indictment so far as the venue of the crime was concerned. It is apparent, therefore, that the indictment failed to charge the venue of the crime, for under the language

of the indictment the crime could have been committed in either the First or the Second judicial district of Jones county.

It follows from these views that the trial court erred in overruling appellant's demurrer to the indictment. Under section 26 of the Constitution the venue of the crime charged is as necessary to be set out in the indictment as any of the other fundamentals of the offense. The indictment must give the defendant notice, not only as to the nature and cause of the accusation against him, but notice of the place where it is alleged that the offense was committed. *Thompson* v. *State,* 51 Miss. 353.

It is argued by the attorney-general, however, that the error in the indictment was cured because of the fact that, after the court overruled appellant's demurrer to the indictment, the district attorney, with leave of the trial court, amended the indictment so as to make it properly state the venue of the crime charged. But the record shows that there was no order on the minutes authorizing any such amendment of the indictment. Neither is there in the record of this case in any form as originally set up any ruling of the trial court authorizing an amendment of the indictment. After the record in the case was filed in this court, it was amended by agreement in writing of the district attorney who prosecuted appellant, and appellant's attorney, in substance, as follows: That the district attorney moved the court for permission "to amend the indictment by inserting on the seventh line thereof the words 'and district aforesaid.'" The court permitted this amendment to be made, whereupon the district attorney made the amendment by inserting the words at the place indicated in the indictment "and district aforesaid," and that appellant excepted to that action of the court. Later the original indictment, on the regular printed form in use, which original of course is controlling as to its averments as they existed when it was returned by the grand jury as well as after the amendment made by the district attorney, shows that

the district attorney and the appellant's attorney, in amending the record by the stipulation referred to, through inadvertence agreed that the amendment consisted of three words, viz. "and district aforesaid," when in truth and in fact it consisted of only two words, viz. "and district." As amended after the words and figures "17th day of November, 1924, in the county," and before the word "aforesaid" the district attorney inserted "and district." It will be observed that the amendment as made, if authorized by law, effectually cured the failure of the indictment to set out as returned by the grand jury the venue of the crime. In other words, the indictment as amended, if the amendment was authorized, was a valid indictment in all respects so far as averring the venue of the crime is concerned.

The question is whether an indictment can be amended in the manner this one was amended. Under the authority of *Smith* v. *Oxford,* 91 Miss. 651, 45 So. 365, the indictment in this case was not void because of its imperfect setting out of the venue of the crime. It was only an imperfect statement of the venue and amendable without another indictment by the grand jury. In the Smith case the court construed section 1428, Code of 1906 (Hemingway's Code, section 1184), which provides among other things that an indictment shall not be deemed insufficient because of an improper and imperfect statement of the venue of the crime. The affidavit in that case contained the caption, "The state of Mississippi, Lafayette county." The charging part of the affidavit, however, failed to charge that the crime was committed in Lafayette county. The affidavit charged that the crime was committed "at the defendant's place of business in the town of Oxford, Miss." Objection was made to the affidavit for the first time on the hearing of the case in the supreme court. The court held that the affidavit failed to charge the venue of the crime, but that under the language of the particular affidavit there involved there was an imperfect statement of the venue, and therefore the

affidavit was amendable, and, being amendable, the defect in it in that respect could not be raised for the first time in the supreme court. Clearly under the decision in that case, if the question had been raised in the trial court and that court had held the affidavit good, the judgment of conviction would have been reversed by the supreme court on that ground alone.

All the judgments and orders of the circuit courts can be evidenced alone by their minutes. It makes no difference how unimportant a judgment of a circuit court may be considered, it is of no validity or force whatever unless it appear upon the minutes of the court. The court can act in no other manner so far as its judgments are concerned. The principle is of universal application. There are no exceptions. The record for the supreme court on appeal is made up of the pleadings, orders, and judgments in the cause, including of course the final judgment, instructions to the jury, the evidence, and the rulings of the court during the progress of the trial when the evidence and rulings of the court are made a part of the record in the manner prescribed by the statute. The rulings of the court made during the trial of a cause before a jury do not include a judgment of the court passing on the sufficiency of a pleading. Such a judgment is a thing separate and apart from such rulings. It is no more a part of that procedure than the final judgment entered in the case would be. There must be a perpetual memorial of the judgments of circuit courts, not alone of their final judgments, but of all interlocutory judgments and orders affecting the rights of the parties, and that memorial is the minutes of the courts. There is no other place to go to ascertain what those judgments are.

These principles as applied to the indictment in this case may at first have the appearance of being technical and unsubstantial. But that is not true when it is kept in mind that an indictment failing to charge the venue of a crime in effect charges no crime at all. It follows from these views that the judgment in this case must be

reversed, and the cause remanded; and, when it goes back, if the district attorney desires to amend the indictment, it should be done in the manner prescribed by law, viz. by means of a motion on the minutes of the court setting out exactly the amendment to be made, followed by an order of the court directing exactly the amendment to be made, provided of course the motion is sustained.

We pass on no other questions raised on this appeal, because, judging from the record, there is no certainty at all that any questions raised now will be raised, if there is a trial and conviction and another appeal. So all other questions are left open and undecided.

*Reversed and remanded.*