441 So.2d 108 (1983)
In the Interest of K.A.R., a Minor.
No. 53935.
Supreme Court of Mississippi.
November 2, 1983.
Rehearing Denied December 14, 1983.
Harry L. Kelley, Jackson, for appellant.
Joe B. Moss, Bill Allain, Atty. Gen. by Anita Mathews Stamps, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before BROOM, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
K.A.R., a married minor, was arrested at her home in Raymond, Second Judicial District, Hinds County, Mississippi and charged with possession of marijuana and hashish. A youth court hearing was held in the First Judicial District of Hinds County at which time K.A.R. was determined to be a delinquent under the Youth Court Act, section 43-21-101 et seq., of the Mississippi Code Annotated (1972), and committed in the custody of the Department of Youth Services for placement at Columbia Training School. She takes this appeal and assigns as error that:
(1) The youth court had no jurisdiction over a married minor under the age of eighteen years;
(2) The youth court sitting in the First Judicial District of Hinds County had improper venue since the alleged offense occurred in and the minor resided in the Second Judicial District of Hinds County; and
(3) The finding that K.A.R. was delinquent was against the overwhelming weight of the evidence.
We agree that the finding of delinquency was against the overwhelming weight of the evidence; therefore, we reverse the finding and discharge the minor. We do, however, feel the need to address the other two assignments of error as well.

I.
K.A.R. is a sixteen year old female married to D.R., both of whom at the time of this incident, lived in a trailer at Raymond, Mississippi. A third person by the name of Oddie Hughes also resided at the trailer.
On March 14, 1982, police officers entered the trailer with a search warrant. At the time of the search K.A.R., D.R., Oddie Hughes, D.R.'s two sisters and his brother-in-law were present. The brother-in-law and two sisters arrived at the trailer about an hour before the police arrived. Oddie Hughes had been there for about five minutes.
*109 The hashish was found in a P.C.V. pipe located under the trailer. The marijuana was found on the floor in the living room area of the trailer. There was no testimony at the hearing that K.A.R. was in actual possession of either substance. K.A.R. claimed that the marijuana belonged to Oddie Hughes and that he had brought it to the trailer moments before the police arrived. She knew nothing about the hashish. K.A.R. stated that Hughes often brought marijuana to the trailer and that her husband sometimes kept marijuana around the trailer. She stated that when the police arrived at the trailer, Hughes knocked the marijuana off of a table and on to the floor.

II.
The first question for this Court to decide is whether the youth court has jurisdiction over married minors under the age of eighteen years. We hold that it does.
A "child" under Mississippi's Youth Court Act is defined as "a person who has not reached his eighteenth birthday." Further, it says that, "a child who has not reached his eighteenth birthday and is on active duty for a branch of the armed services is not considered a `child' or `youth' for the purposes of this chapter." Mississippi Code Annotated § 43-21-105(d) (1972).
The youth court jurisdictional statute is section 43-21-151 of the Mississippi Code. The applicable parts of that statute state that:
(1) The youth court shall have exclusive original jurisdiction in all proceedings concerning a delinquent child, a child in need of supervision, a neglected child or an abused child.
(2) Jurisdiction of the child in the cause shall attach at the time of the offense and shall continue thereafter for that offense until the child's twentieth birthday, unless sooner terminated by order of the youth court. The youth court shall not have jurisdiction over offenses committed by a child on or after his eighteenth birthday.
It is apparent that the applicable statutes do not exclude married minors from the Youth Court Act. Therefore, we hold that the youth court does have jurisdiction over married minors under age eighteen.

III.
The next issue is whether the youth court sitting in the First Judicial District of Hinds County had venue in this case since the alleged offense was committed in and the minor resided in the Second Judicial District of Hinds County.
The youth court was established in Hinds County as a division of the county court. Mississippi Code Annotated § 43-21-107(2) (1972). Hinds County has two judicial districts. Courts for the first district are located in Jackson and those in the second district are located in Raymond. The youth court venue statute section 43-21-155 provides that:
If a child is alleged to be a delinquent child or a child in need of supervision, the proceedings shall be commenced in any county where any of the alleged acts are said to have occurred. The youth court may, in the best interest of the child, transfer the case at any stage of the proceeding to the county where the child resides or to a county where a youth court has previously acquired jurisdiction.
This Court has held several times that where a county has two judicial districts, those districts must be treated as two separate counties and that a defendant must be indicted and tried in the judicial district of the county in which the offense was committed. Passions v. State, 208 Miss. 545, 45 So.2d 131 (1950); Evans v. State, 144 Miss. 1, 108 So. 725 (1926); Isabel v. State, 101 Miss. 371, 58 So. 1 (1912). Since each judicial district is to be treated as a separate county for purposes of jurisdiction and venue then under section 43-21-155, a juvenile may be tried either in the district where the offense was committed or in the district where the minor resides.
K.A.R. lived in Raymond and the alleged offense was committed in Raymond. The petition, filed in the First District charging her with the offense, was amended *110 at the hearing to show that the offense occurred in the Second Judicial District. The hearing was held in the First Judicial District. It is the opinion of this Court that to comply with the venue section of the Youth Court Act, the petition's filing and hearing should have been held in the Second Judicial District; however, we reverse this case on the evidence.

IV.
The question now is whether the evidence was sufficient to find that K.A.R. was in possession of the marijuana and hashish.
There was no proof at the hearing that K.A.R. was in actual possession of either the marijuana or hashish. The case against her was based on her constructive possession of the drugs.
In Curry v. State, 249 So.2d 414 (Miss. 1971), this Court stated that:
Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances. [Id. at 416].
In Powell v. State, 355 So.2d 1378 (Miss. 1978) this Court discussed the presumption of constructive possession and held that:
The correct rule in this jurisdiction is that one in possession of premises upon which contraband is found is presumed to be in constructive possession of the articles, but the presumption is rebuttable. We have held that where contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband. Sisk v. State, 290 So.2d 608 (Miss. 1974). [Id. at 1379].
In this case, the presumption of constructive possession was rebutted by proof from the testimony of K.A.R. that she was not in exclusive control and possession of the premises. Her testimony, as well as testimony offered by the state, showed that Oddie Hughes and K.A.R.'s husband both lived in the trailer. Further, the hashish was found outside the trailer and there was no evidence showing that K.A.R. knew of its existence or its owner. The marijuana was found in a common area of the trailer which at the time the police arrived was being occupied by six different persons. The state offered no evidence that the marijuana belonged to K.A.R. other than it was found in her place of residence. The officers who testified at the hearing could not testify as to the exact place the marijuana was found since they were not the officers who found it.
Under the rule stated in Powell v. State, supra, once the presumption of constructive possession is rebutted, there must have been some competent evidence connecting K.A.R. with the contraband. In this case there was no such evidence; therefore, the judgment must be reversed and the minor discharged.
REVERSED AND MINOR DISCHARGED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.