446 So.2d 598 (1984)
In the Interest of T.D.B., a Minor Child.
No. 54772.
Supreme Court of Mississippi.
March 7, 1984.
Jim W. Rose, Rose & Woodfield, Gulfport, for appellant.
No brief filed for appellee.
Before ROY NOBLE LEE, P.J., PRATHER and SULLIVAN, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
This is an appeal from the Family Court of Harrison County, Honorable Michael H. Ward, presiding, by T.D.B., a minor, who was adjudicated to be delinquent and was committed to the custody of the Miss. Dept. of Youth Services for placement at an appropriate state training school.
The lower court found T.D.B. was delinquent after hearing a petition alleging that she burned a school building and possessed one ounce of marijuana. Appellant admitted the allegations of the petition, viz, that she started the fire from toilet tissue in the school washroom upon a "dare" from three other students. However, the record indicates she immediately summoned help and the fire was extinguished with little damage. Thirteen witnesses testified for appellant, including Dr. Thomas William Howard, a clinical psychologist, and members of the sheriff's department.
*599 The evidence reflects that appellant was mentally retarded to a degree; that family therapy would be the best approach to her problem; and that it would not be for her best interest to be confined in a juvenile training school. The lower court was of the opinion that
It would be in the best interest of this child not to go to Columbia Training School. She's in the lower ten percent of the population of this country in intellectual capacity among her age. She did set a fire, but she immediately reported the same to the individuals at school, figures of authority. The training school would not help her, might do her harm, and her problems would be best served by her and her family being required to receive treatment and therapy from Dr. William Howard or some other clinical psychologist... .
The lower court was of the opinion that under Mississippi Code Annotated § 97-17-3 (1972) it had no alternative except to sentence appellant to at least six (6) months confinement at the training school.[1] However, the court granted an appeal with supersedeas to this Court.
Section 97-17-3 provides the following:
(1) Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who is a party to destruction by explosion from combustible material, who aids, counsels, or procures the burning or destruction of any state-supported schoolbuilding in this state ...
* * * * * *
(3) Any person, who by reason of his age, comes under the jurisdiction of juvenile authorities and who is found guilty under subsection (1) of this section, shall not be eligible for probation unless and until at least six months' confinement has been served in a state reform school.
The above section was amended by Chapter 256, 1958 Miss. Laws, to add Subsection (3), which provides for at least six months' confinement without probation of a juvenile who was found guilty under Subsection (1). The Youth Court Act was amended by Chapter 506, 1979 Miss. Laws, and Chapter 550, 1980 Miss. Laws, and is now known as the "Youth Court Law," coverning Mississippi Code Annotated §§ 43-21-101 through XX-XX-XXX (1972). That law grants broad powers to the Youth Court and the Family Court. Mississippi Code Annotated § 43-21-605 (1972) provides great authority and wide discretion to those courts in delinquency cases and disposition orders.
The appellant contends that the lower court committed two errors in its judgment:
(1) The Honorable Family Court judge erred in finding that the Youth Court Act of 1979 had not been repealed by implication. §§ 97-17-3, MCA (1972).
(2) The Honorable Family Court judge erred in ordering the minor child confined in the training school for a minimum period of six months while she is seriously handicapped by mental illness and retardation, contrary to § 43-27-25, MCA (1972).
We will address only the first assignment of error, since the record does not indicate that the appellant comes within Section 43-27-25, and because the lower court committed appellant to the custody of the Mississippi Department of Youth Services for placement at an appropriate state training school under the impression that Section 97-17-3(3) required him to do so.
Appellant argues that the Youth Court Law repeals by implication Section 97-17-3(3), and cites Jackson Municipal Airport Authority v. Shivers, 206 So.2d 190 (Miss. 1968), and Ascher & Baxter v. Edward Moyse & Co., 101 Miss. 36, 57 So. 299 (1911). In Ascher, the Court said:

*600 When two statutes cover, in whole or in part, the same subject-matter, and are not absolutely irreconcilable, no purpose of repeal being clearly shown, the court, if possible, will give effect to both. Where, however, a later act covers the whole subject of earlier acts, and embraces new provisions, and plainly shows that it was intended, not only as a substitute for the earlier acts, but to cover the whole subject then considered by the Legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to such subject-matter, even if the former acts are not in all respects repugnant to the new act. But in order to effect such repeal by implication it must appear that the subsequent statute covered the whole subject-matter of the former one, and was intended as a substitute for it. [101 Miss. at 45, 57 So. at 301].
Gulley v. Lumbermen's Mut. Casualty Co., 176 Miss. 388, 166 So. 541 (1936), involved liability for privilege taxes authorized by a generally-worded statute. The Court quoted from State, ex rel. Knox v. Wyoming Mfg. Co., 138 Miss. 149, 103 So. 11 (1924) as follows:
[I]t was held in the third paragraph of the syllabus, "Where the legislature in a later act covers the entire scheme dealt with in former acts, the former act will be repealed by the later act, although there is some difference in the provisions of the two statutes. A subsequent statute not repugnant in its provisions to the former one, but clearly intended to prescribe the only rule in the case provided for, repeals the former statutes. [Citations omitted]." [176 Miss. at 401, 166 So. at 543-44].
Section 97-17-3 makes arson a violation of the law punishable by imprisonment in the state penitentiary from two (2) to twenty (20) years. Subsection (3) provides that a juvenile, who is found guilty under Subsection (1) shall not be eligible for probation until the juvenile has served at least six (6) months confinement in a state reform school. Section 97-17-3 is enforced by indictment and trial in the circuit court. If the state succeeds in the prosecution, the accused is found guilty by a jury. Persons who, by reason of their age, come under the jurisdiction of juvenile authorities, and have violated the law, are not found guilty, but are adjudged delinquent.
The Youth Court Law provides exclusive original jurisdiction in the Youth Court for matters concerning delinquent children.[2] It further provides for a disposition hearing procedure and disposition alternatives in delinquency cases. We think that the Youth Court Law enacted in 1979 and amended in 1980 was clearly intended to set forth procedures and rules for the disposition of youths adjudicated to be delinquent, and clearly supersedes Section 97-17-3(3). Therefore, we hold that the lower court was authorized to proceed under Section 43-21-605 which sets forth the disposition alternatives in delinquency cases.
The judgment of the lower court is vacated, and this cause is remanded to it for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
NOTES
[1] The lower court, in its finding, stated that it would be the order of that court for the minor child to stand committed to the custody of the Mississippi Department of Youth Services for placement at an appropriate state training school for a period of not less than six months. However, the order following that finding stated: "Finds that T.D.B. should be committed to the custody of the Miss. Dept. of Youth Services for placement at an appropriate state training school."
[2] There are exceptions where the circuit court has jurisdiction.