566 So.2d 1276 (1990)
In the Interest of S.B., a Minor
v.
STATE of Mississippi.
No. 89-CA-1211.
Supreme Court of Mississippi.
September 12, 1990.
*1277 James C. Mayo, Hugh Hathorn, Fair Mayo & Hathorn, Louisville, for appellant.
Taylor Tucker, Louisville, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

I.
S.B., a 13-year-old minor, having been born September 24, 1975, appeals from an adjudication of delinquency within the meaning of the Youth Court Law and sentence to Columbia Training School for a term to be determined by the training school authorities. S.B. challenges the sufficiency of the evidence upon which he was adjudicated delinquent. We agree with his contention that proof was lacking as to imminent serious bodily harm, and reverse and remand for further proceedings.

II.
Tammy Thomas and her mother went to the Winston County Public Library in Louisville, Mississippi on Monday, August 7, 1989, between 2:00 and 2:30 p.m. Tammy, who was 34 weeks pregnant, began looking for books on pregnancy. She heard someone coming down the aisle behind her, then felt a hand on her derriere and two (2) squeezes. Tammy screamed, turned around and saw S.B. She immediately yelled, "You S.O.B., how could you touch me? You have no right to touch me. I hope I never see your face again." She testified that S.B. said "Chill Out" then turned and walked away; Tammy followed him. Tammy began to cry. She testified that she was afraid for the safety of her unborn child. All witnesses testified that Tammy and S.B. were the only persons on the aisle in the library where the incident occurred.
The police were called to the library. They took Tammy to the police station where she signed an affidavit against S.B. Tammy called her husband, who came to the police station and drove her home because she was too upset to drive herself. Tammy did not require medical attention, although she called her doctor and requested medication for her nerves. Two weeks later, she delivered a healthy baby girl.
On September 7, 1989, S.B. was charged by Petition with "willfully and unlawfully attempts by physical menace to put another (Tammy Thomas) in fear of imminent serious bodily harm in violation of Section 97-3-7(1)(c) of the Mississippi Code of 1982, Annotated, as amended, and against the peace and dignity of the State of Mississippi." A hearing on this Petition was held October 20, 1989.
S.B., an eighth grader, had gone to the library with his friends, D.M. and N.M., also minors. D.M. testified that he observed S.B. as he walked down the aisle by Tammy, that S.B. did nothing to the lady, she just started screaming once S.B. had passed her. N.M. testified that she saw S.B., D.M. and Tammy standing together, but did not see anything. N.M. testified that Tammy was crying. S.B. testified that he did not touch Tammy, she just began hollering and cussing him, and that she only began crying after the police arrived. *1278 He testified that he had not seen his friend D.M.
Following this testimony, the Youth Court Judge found S.B. to be a delinquent within the meaning of the Youth Court Act. Immediately thereafter, the court proceeded with the disposition phase.
S.B.'s Youth Court Counselor testified that in March, 1989, S.B. had been adjudicated a delinquent for making obscene telephone calls, given six (6) months probation and a $350.00 fine. The counselor testified that S.B. had paid the fine and met his probation schedule without problems and, at the time of the current incident, S.B. was still on probation, having never been released. The counselor had no recommendation for the disposition of S.B. under this new adjudication, but did testify that probation was not sufficient to rehabilitate his behavior.
The trial court heard from both of S.B.'s football coaches and the principal of S.B.'s school. Each witness testified that S.B. had not posed a disciplinary problem and had been a good student. The only recommendation came from one of the football coaches, who suggested that counseling would be helpful to S.B., but he should not be "put away".
S.B.'s parents testified. They testified that S.B., an only child, had never been a problem and that they were planning on taking S.B. and leaving the State of Mississippi after Thanksgiving. They also testified that they planned to place S.B. in a parochial school, and his father would stop S.B.'s behavior.
Following the disposition testimony S.B. was committed to the custody of the training school for a time to be determined by the training school; an Order of Commitment was entered. This Order was suspended pending appeal and the posting of a $5,000.00 appeal bond.

STANDARD OF REVIEW
This Court's standard of review of Youth Court cases is limited:
Of course, in reviewing the evidence we do not proceed de novo. Rather, our scope of review is limited. We consider all of the evidence before the Youth Court in the light most favorable to the State. If the evidence so considered is opposed to the adjudication of the Youth Court with such force that reasonable men could not have found as the Youth Court did beyond a reasonable doubt, we must reverse. See In Interest of K.A.R., 441 So.2d 108, 110 (Miss. 1983). On the other hand, if there is substantial evidence in the record supporting the adjudication of the Youth Court, evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, the Youth Court might reasonably have ruled as it did, we must affirm. Cf. In Interest of I.G., 467 So.2d 920, 924 (Miss. 1985).
In Interest of M.R.L., 488 So.2d 788, 790-91 (Miss. 1986) (emphasis in original).

III.
Youth Court matters are governed by the Youth Court Law. Miss. Code Ann. § 43-21-101, et seq. Section 43-21-105(i) defines a "delinquent child" as "a child who has reached his tenth birthday and who has committed a delinquent act." "Delinquent act" if defined by § 43-21-105(j) as "any act, which is committed by an adult, is designated as a crime under state or federal law, or municipal or county ordinance other than offenses punishable by life imprisonment or death. A delinquent act includes escape from lawful detention."
The trier of fact at a Youth Court hearing is the Youth Court Judge. Miss. Code Ann. § 43-21-105(b), § 43-21-107, § 43-21-203. The Youth Court Law grants the Youth Court Judge "great authority and wide discretion ... in delinquency cases and disposition orders." In Interest of T.D.B., 446 So.2d 598, 599 (Miss. 1984).
For a child to be adjudicated a delinquent within the meaning of the Youth Court Law, the Youth Court Judge must find proof beyond a reasonable doubt that the child is a delinquent. Miss. Code Ann. § 43-21-561(1). When the case involves *1279 the possibility of the loss of freedom to the child, "proof must establish beyond a reasonable doubt each and every essential element of the charge." In Interest of Napp, 273 So.2d 502 (Miss. 1973). Pettit v. State, 351 So.2d 1353, 1356 (Miss. 1977).
S.B. was charged by Petition with the willful and unlawful attempt, by physical menace, to put another in fear of imminent serious bodily harm in violation of § 97-3-7(1)(c). That portion of § 97-3-7, entitled "Simple assault; aggravated assault", with which we are concerned today states:
(1) A person is guilty of simple assault if he ... (c) attempts by physical menace to put another in fear of imminent serious bodily harm; ...
The essential elements of the crime, which the State had the burden of proving beyond a reasonable doubt, were: (1) physical menace and (2) fear of imminent serious bodily harm.
A review of the facts of the case sub judice, in a light most favorable to the State, which were before the Youth Court Judge shows the following:
1. Tammy was 34 weeks pregnant.
2. Tammy was physically touched and squeezed on her derriere while standing in an aisle in the Winston County Public Library.
3. S.B. and Tammy were alone, and in close proximity, in the aisle of the library at the time Tammy was touched.
4. Upon being touched, Tammy screamed, turned, saw S.B., verbally reprimanded him, and followed him as he walked away.
5. Tammy was visibly upset, emotionally distraught, and fearful of the effect of this incident upon her unborn child.
We have no doubt that the intentional touching and squeezing of a pregnant woman's derriere, without permission, by one unknown to her, amounts to a physical offense. However, after a careful and thorough examination of the record in light of our standard of review and case law, we find no proof of fear of imminent serious bodily harm. Therefore, we have no alternative but to reverse the adjudication of delinquency based on the failure to prove an essential element of the crime of simple assault.
Having concluded that the proof was lacking to sustain an adjudication based on the petition, it is not necessary to address the second assignment of error dealing with the commitment to the training school. Because this incident apparently occurred while S.B. was on probation from an adjudication of delinquency made in March 1989, we remand this cause to the Youth Court for consideration of whether S.B.'s actions resulted in a violation of his probation. § 43-21-613(1) (Supp. 1990)
The adjudication of delinquency is reversed, the Order of Commitment is vacated, and the cause is remanded to the Winston County Youth Court.
REVERSED, ORDER OF COMMITMENT VACATED, AND REMANDED FOR FURTHER PROCEEDINGS.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.