# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-00153-SCT

*NEVIN WHETSTONE a/k/a NEVIN KERR*
*WHETSTONE*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/84 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY: | SAM M. REEDY |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/9/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/30/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On February 9, 1984, appellant Nevin Whetstone was indicted for capital murder, i.e., murder while engaged in the commission of the crime of rape pursuant to Miss. Code Ann. § 97-3-19(2)(e) (1972). The Honorable Fred Wicker accepted Whetstone's guilty plea in the Circuit Court of Lee County, Mississippi, on December 14, 1984, and sentenced Whetstone to life imprisonment. On October 3, 1996, Whetstone filed a Motion to Dismiss Indictment and Vacate Conviction and Sentence in the Circuit Court of Lee County pursuant to the Post Conviction Collateral Relief Act. This motion was dismissed by the Honorable Frank Allison Russell, on January 27, 1997. Whetstone appeals *pro se* and raises the following issues:

**I. INDICTMENT DEFECTIVE AND VOID BECAUSE IT DID NOT CONCLUDE**

**WITH THE PHRASE "AGAINST THE PEACE AND DIGNITY OF THE STATE OF MISSISSIPPI."**

**II. INDICTMENT DEFECTIVE AND VOID BECAUSE IT DID NOT STATE THE JUDICIAL DISTRICT IN WHICH THE INDICTMENT WAS BROUGHT.**

**III. INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO PROTECT APPELLANT'S SUBSTANTIVE RIGHTS UNDER THE MISSISSIPPI CONSTITUTION.**

<u>**LEGAL ANALYSIS**</u>

**I. INDICTMENT DEFECTIVE AND VOID BECAUSE IT DID NOT CONCLUDE WITH THE PHRASE "AGAINST THE PEACE AND DIGNITY OF THE STATE OF MISSISSIPPI."**

Whetstone argues that his indictment was defective and void because the Grand Jury foreman's signature came **after** the phrase "against the peace and dignity of the State of Mississippi." Thus, Whetstone contends that his indictment violates Mississippi constitution and court rules mandates because it **concludes** with the grand jury foreman's signature and not with the mandatory phrase. Miss. Const. § 169; URCCC 7.06 (1997). Whetstone cites *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995) in support of his argument.

Whetstone entered his guilty plea on December 14, 1984 and his Motion for Post Conviction Relief was filed on October 3, 1996, eleven years and nine months later. Accordingly, the State maintains that since Whetstone's claims were not filed within three (3) years after conviction, they are time barred under Miss. Code Ann. § 99-39-5(2) (Supp. 1997). In rebuttal, however, Whetstone contends that this issue is an exception to the time bar under Miss Code Ann. § 99-39-5(2) in that his argument is based on the "intervening decisions" of *McNeal* and *Brandau*. *See McNeal v. State*, 658 So. 2d 1345 (Miss. 1995)(holding habitual offender portion on second page of indictment invalid since mandatory phrase "against the peace and dignity of the State of Mississippi" only followed charging language on first page); *Brandau v. State*, 662 So. 2d 1051 (Miss. 1995) (alleging indictment defective for failure to conclude with mandatory phrase). Specifically, Whetstone states that this is the first time the issue regarding the mandatory phrase has been before this Court in seventy-one (71) years. Therefore, he argues that this is "an intervening decision . . . which would have actually adversely affected the outcome of the conviction or sentence . . . ." Miss. Code Ann. § 99-39-5(2).

Whetstone's reliance on the "intervening decision" exception is understandable given that his claim is time barred in the absence of this exception. However, Whetstone's assertion that either *McNeal* or *Brandau* is an intervening decision that would qualify for this exception is without merit. This Court has held that an intervening decision exception "applies only to those decisions that create **new** intervening rules, rights, or claims that did not exist at the time of the prisoner's conviction or during the three (3) year period circumscribed by the statute of limitations." *Patterson v. State*, 594 So. 2d 606, 608 (Miss. 1992) (emphasis in original). The inmate in *Patterson* relied upon a decision which enforced the mandates of the pre-existing Mississippi criminal court rules. The Court "simply recognized and applied a pre-existing rule, a rule that had been in existence for at least four years when Patterson entered his 1983 plea of guilty . . . ." *Id*. at 608. Similarly, *McNeal* applied the pre-

existing Mississippi Constitution as well as a pre-existing rule of law. Moreover, *McNeal* reiterated this Court's previous holdings in *Love v. State*, 8 So. 465 (Miss. 1891) and *Clingan v. State*, 100 So. 185 (Miss. 1924) regarding the mandatory phrase provisions in the Mississippi Constitution of 1890. As in *Patterson*, Whetstone is merely asking this Court to enforce a constitutional provision and a rule of law that was available to him on the day he entered his guilty plea and throughout the three (3) year statutory time limitation. Whetstone's statement that this is the first time this issue has been before the Court in seventy-one (71) years is not determinative of an intervening decision, rather the appropriate focus is when the rule came into existence. Because Whetstone's claim was not filed within the three (3) year statutory time limit and because it does not meet the requirements of an intervening decision, it is time barred.

Nevertheless, even assuming the time bar was not applicable, this claim was waived when he failed to raise this issue at trial. *See* Miss. Code Ann. § 99-7-21 (1994) (indicating objections to facially defective indictment must be by demur or before venire facias in capital cases). Additionally, Whetstone waived any defect in the indictment by pleading guilty. *See Brooks v. State*, 573 So. 2d 1350 (Miss. 1990). However, Whetstone cites *Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985) in support of his contention that the procedural bar is inapplicable since "[t]his Court has previously held that errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal." Since the language is mandated by the constitution, Whetstone alleges that Claim I affects a fundamental right and thus operates as an exception. However, this same argument was expounded in *Brandau*, wherein this Court held that "failure to properly draft the wording of the indictment" did not affect a "fundamental right." *Brandau v. State*, 662 So. 2d 1051, 1054 (Miss. 1995). "The mere fact that a procedural requirement is located in the Constitution does not necessarily elevate it to the status of a 'fundamental right.'" *Id*. Therefore, Whetstone's claim is procedurally waived as well as time barred.

However, regardless of the time bar and procedural waiver, there is no merit to the argument that the mandatory phrase must follow the grand jury foreman's signature. In his argument, Whetstone focuses on the definition of "conclude" being "to bring to an end." But he ignores the definition of "indictment" and its usage within the legal community. Indictment is defined by various authorities as follows:

> "[A] formal **written statement** framed by a prosecuting authority and found by a jury (as a grand jury) **charging** a person with an offense. Webster's Collegiate Dictionary 592 (10th ed. 1994)

> (emphasis added).

> "An **accusation**[1] in writing found and presented by a grand jury, . . . ." Black's Law Dictionary 772 (6th ed. 1990)

(emphasis added).

These definitions reveal that "indictment" refers to the **charging language** contained in the form and not the actual form itself. It is true that within the legal community, the term "indictment" is used to refer to the charging language as well as the form in which the indictment is contained. However, in applying the constitutional mandate in a logical manner, the term indictment as used in § 169 of the

Mississippi Constitution refers to the "charging language" as opposed to the "form." Accordingly, the constitutional provision is satisfied when the charging language contained within the indictment form concludes with the mandatory phrase.

Whetstone also utilizes the court rules in support of his argument. Rule 7.06 specifies seven (7) elements that must be included in the indictment form. URCCC 7.06 (1997). Whetstone contends that this rule mandates that the grand jury foreman's signature (the 6th element listed) must proceed the words "against the peace and dignity of the state" (the 7th element listed). However, the rule does not specify that the elements must appear in the order listed, therefore, there is no merit to this argument.

In summary, Whetstone's argument that his indictment was defective because it concluded with the grand jury foreman's signature is time barred, procedurally waived and without merit.

### II. INDICTMENT DEFECTIVE AND VOID BECAUSE IT DID NOT STATE THE JUDICIAL DISTRICT IN WHICH THE INDICTMENT WAS BROUGHT.

Whetstone contends that the court lacked jurisdiction because "the indictment does not even cite the judicial district in which the indictment is brought as required by Rule 7.06(4) of the Uniform Rules of Circuit Court Practice and the Sixth (6[th]) Amendment of the United States Constitution." He is correct in stating "[a]n indictment <u>must</u> give petitioner notice of the place where the offense is alleged to have [sic] committed by properly charging venue." Whetstone cites ***Evans v. State***, 144 Miss. 1, 108 So. 725 (1926) in support of his contention that "[a]n indictment like the present, which simply stated the crime was committed in the (Lee) County without designating the district does <u>not</u> charge venue of the crime as required by the Constitution and Rule 7.06(4)."

Whetstone's argument regarding venue is likewise time barred for the same reasons propounded in the discussion of Claim I. Additionally, both Claims I and II were procedurally waived when Whetstone failed to raise this issue at trial. However, Whetstone contends that his claim is a jurisdictional matter and thus not subject to waiver. Specifically, Whetstone alleges that "the Circuit Court did not have subject matter jurisdiction" due to the failure to specify the judicial district. ***See Patterson v. State***, 594 So. 2d 606, 609 (Miss. 1992) (holding jurisdictional matters may be raised for the first time on appeal). Nonetheless, a discussion of the merits illustrates that the indictment was not defective for not indicating the judicial district. The fourth element listed in Rule 7.06 is "[t]he county and judicial district in which the indictment is brought." URCCC 7.06 (1997). Whetstone's indictment form heading indicates "The State of Mississippi, Lee County, Circuit Court, February Term, A.D., 1984, Lee County." Even though the indictment indicated Lee County Circuit Court, Whetstone alleges that it was fatally defective because it did not also indicate the judicial district. However, this argument disregards the fact that Lee County does not have separate judicial districts. Mississippi statute regarding jurisdiction and venue provides that "local jurisdiction of all offenses, **unless otherwise provided by law**, shall be in the **county** where committed." Miss. Code Ann. § 99-11-3 (1994) (emphasis added). The legislature has only **provided otherwise** in regards to jurisdiction of crimes committed in particular districts in Harrison County or Hinds County. **See** Miss. Code Ann. § 99-11-37 (1994). Accordingly, Whetstone's indictment was not defective.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL FAILED TO PROTECT APPELLANT'S SUBSTANTIVE RIGHTS UNDER THE MISSISSIPPI

**CONSTITUTION.**

Whetstone's allegations in this area are based on counsel's failure to point out the defects in the indictment as discussed in Claims I and II. Whetstone asserts that this failure "prejudiced him to plead guilty to capital murder under the defective and void indictment." Given the fact that there is no merit to either Claim, there is no basis for Whetstone's allegation of ineffective assistance of counsel.

## CONCLUSION

Whetstone's claims of defective indictment are time barred, procedurally barred and without merit. Whetstone's claims are time barred since they were not filed within the three (3) year statutory time limit, the requirements of an intervening decision were not met, and a fundamental right was not affected. Furthermore, Whetstone's claims are procedurally barred because Whetstone did not raise these claims at the trial court level and the exception for jurisdictional defects does not apply. Moreover, Whetstone's claims are without merit since the constitutional mandate requiring the language "against the peace and dignity of the state" is satisfied when the charging language contained within the indictment conludes with this phrase. Additionally, the indictment was not defective for failing to state the judicial district inasmuch as Lee County only has one (1) judicial district.

Whetstone's ineffective assistance of counsel claim is premised on his attorney's failure to point out the defective indictment. Since there is no merit to either claim regarding defects, there is no basis for Whetstone's allegation of ineffective assistance of counsel. Accordingly, the trial court's dismissal of Whetstone's motion for Post Conviction Collateral Relief is affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**

---

1. An accusation is "a formal **charge** against a person, . . . ." Black's Law Dictionary 22 (6th ed. 1990) (emphasis added).