COLEMAN, JUSTICE, DISSENTING:
 

 ¶ 36. The majority miscasts the issue before the Court today as one of first impression. To the contrary, it has long been the law in Mississippi that, in order for orders and judgments to be effective, they must be entered or, as stated in our older cases, "appear on the minutes of the court."
 
 Evans v. State
 
 ,
 
 144 Miss. 1
 
 ,
 
 108 So. 725
 
 , 726 (1926). Accordingly, I must respectfully dissent.
 

 ¶ 37. The
 
 Evans
 
 Court wrote,
 

 All the judgments
 
 and orders
 
 of the circuit courts can be evidenced alone by their minutes. It makes no difference how unimportant a judgment of a circuit court may be considered, it is of no validity or force whatever unless it appear upon the minutes of the court. The court can act in no other manner so far as its judgments are concerned. The principle is of universal application.
 
 There are no exceptions
 
 .... There must be a perpetual memorial of the judgments of circuit courts, not alone of their final judgments,
 
 but of all interlocutory judgments and orders
 
 affecting the rights of the parties, and that memorial is the minutes of the courts. There is no other place to go to ascertain what those judgments are.
 

 Id.
 

 (emphasis added). "The rule in this State is that every decree is in the breast of the court
 
 until entered
 
 , and a decree has no validity until written out and signed by the chancellor."
 
 Orr v. Myers
 
 ,
 
 223 Miss. 856
 
 , 862,
 
 79 So.2d 277
 
 , 278 (1955) (emphasis added).
 

 ¶ 38. The majority follows the law described above as long as more than one party has appeared in a lawsuit, but would except cases in which only the plaintiff has appeared. To reach its result, the majority engages in something akin to no-harm, no-foul reasoning. The majority's reasoning is flawed and fails to address other concerns. For example, defense attorneys, aware of the filing of a lawsuit against their clients, can monitor court filings to advise their clients and their insurers regarding the risks of the litigation. When the public record indicates that the time for service has passed, the attorney and potential defendant make risk assessments and strategic decisions accordingly. To allow them to be surprised by condoning behavior that keeps orders of the court secret cannot be considered fair. Today's holding allows plaintiffs in civil litigation and parties in
 
 ex parte
 
 proceedings intentionally to pocket orders to surprise other parties and the public for strategic advantage. I cannot concur in such a result. Our courts should exercise their considerable powers in the full view of the public eye - not in secret.
 

 ¶ 39. Because the law has long been that both orders and judgments must be entered to be effective, I would reverse the
 trial court's decision and render judgment in favor of the defendants.
 

 BEAM, J., JOINS THIS OPINION.